HOLBART, Appellant, v. LAURITSON et al., Respondents.

(148 N. W. 19.)

**1. Alteration of Instruments—Material Alteration—Statute—Consideration of Note.**

Where a promissory note, executed and delivered by defendants to one from whom they were purchasing a horse, for the purchase price thereof, the note having the name of a bank, a third party, printed therein as payee, the purchase being made upon condition that vendor furnish certificate of registration of the horse within three days, which he failed to furnish at any time, and vendor scratched a line through the name of payee and wrote his own name as payee without consent of defendants, and indorsed the note to plaintiff, before maturity, for full value, **held**, that, since the change, if effective, changed the makers' liability from one conditioned upon future performance by vendor, to an absolute liability, there was a "material" alteration" within the meaning of Civ. Code, Sec. 1289, concerning material alteration of a written contract as against parties not consenting.

**2. Negotiable Instruments—Validity—Conditional Delivery—Consideration—Indorsee.**

The makers of a note payable to a third party, a bank, to vendor of a stallion, for which he agreed to furnish a certificate of registration, were not liable thereon, to an indorsee before maturity for full value, until such certificate was furnished.

**3. Negotiable Instruments—Defenses Against Bona Fide Purchaser—Alteration, Notice of, to Indorsee—Relative Negligence.**

The indorsee before maturity for full value, of a note drawn on a printed form, from which the name of a third party, a bank, as payee, had not been erased, but through which a pen had been drawn and the name of the indorser written above in ink of different color than that used to make out and sign the note, had notice sufficient to put him on inquiry as to whether there had been an alteration in name of payee; and, while makers may have been negligent in affording indorser an opportunity to tamper with the note, the indorsee was equally negligent in failing to make inquiries suggested by the appearance of the note.

(Opinion filed July 13, 1914.)

Appeal from Circuit Court, Grant County. Hon. FRANK Mc-NULTY, Judge.

Action by A. B. Holbart, as indorsee, against Martin Lauritson and others, upon a promissory note. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Thad. L. Fuller,* for Appellant.

*Thos. L. Bouck,* for Respondent.

(1) Under point one of the opinion, Appellant submitted that: The note was made for the sole benefit of J. S. Green, and he was as such entitled to the benefit of the contract, whether his name was stated as payee or drawn and written in the name of the bank. The proper test of the materiality of the change in the note would be to obtain the name of the real party in interest substituted, rather than one who had only a nominal formal or technical interest in, or connection with, the note. And cited:

Sec. 80, Code of Civil Procedure; Hollister v. Hubbard, 11 S. D. 461; American Soda Fountain Co. v. Hogue (N. D.), 116 N. W. 339; Reilly et al. v. First National Bank of Springfield (Ill.), 35 N. E. 1120; James v. Tilton (Mass.), 67 N. E. 336.

Respondent cited: Sec. 1289, Civ. Code; 2 Cyc. 142, 213; Erickson v. First Nat. Bank of Oakland (Neb.), 62 N. W. 1078; Randolph on Com. Paper, Vol. III, Sec. 749.

(3) Under point three of the opinion, Appellant cited:

Porter v. Hardy (N. D.), 88 N. W. 458.

Respondent cited:

Porter v. Hardy, 10 N. D. 551, 88 N. W. 458; Randolph on Com. Paper, Vol. 2, Sec. 986; 7 Cyc. 949; Stein v. Rheinstein (Minn.), 50 N. W. 827.

POLLEY, J. This action is brought by the indorsee of a negotiable promissory note. The signing of the note is admitted by defendants, but they allege a failure of consideration for the same and that a material alteration had been made therein which rendered it void. The note as signed was payable to the State Bank of Twin Brooks and was given in payment for a certain stallion, purchased by defendants from one J. S. Green and represented by said Green to be a full blooded Percheron and registered. The note was made out on a printed form with the name of the "State Bank of Twin Brooks" printed therein as payee. At

the time of the sale, said Green did not have the certificate of registration of the horse, but agreed to furnish the same within three days. This he failed to do at any time and, because of such failure, defendants were unable to have the horse registered or to stand him as a full blooded Percheron. When the note had been signed by the defendants, it was left with the said Green to be turned over to the State Bank of Twin Brooks, the payee named therein. This Green failed to do, but scratched a line through the name "State Bank of Twin Brooks" and wrote his own name in place thereof; he then indorsed the same to plaintiff, before maturity, and for its full face value. The change in the name of the payee was made by said Green, without the knowledge or consent of either of the defendants. The case was submitted to the jury upon the single issue: Was the name of the payee of the note altered by some person interested therein and without the consent of the makers? The jury found for the defendants, judgment was entered dismissing the action upon the merits and cancelling the said note. Plaintiff assigns error and brings the case here on appeal from the judgment.

[1-2] That the material alteration of a promissory note intentionally made by a person entitled to any benefit under it vitiates the same as to such beneficiary is the settled law, there can be no doubt: Civ. Code, § 1289; Citizens Bank v. Williams, 174 Pa. 66; 34 A. T. L. 303, 35 L. R. A. 464 and note, 1 R. C. L. 973-4, 2 Cyc. 215; Erickson v. Bank, 44 Neb. 622, 62 N. W. 1078, 28 L. R. A. 577, 48 Amer. St. Rep. 753. Whether the note was payable to the State Bank of Twin Brooks or to J. S. Green, he (the said Green) was the sole beneficiary under it. This leaves but a single question for consideration, to-wit: Was the change in the name of the payee a "material alteration?"

It is contended by the appellant that the defendants having received the horse and signed the note, they became bound to pay the money, and it was wholly immaterial to them whether they paid it to the bank or to Green or to some subsequent purchaser. This contention is not supported by the facts in this case. At the time the note was executed, Green had not completed his part of the transaction. He had not furnished the certificate of registration of the horse which was a part of the consideration for the note. It is clear from the facts appearing from the record that

the defendants purchased the horse only because they thought they were getting a registered animal; that, without the certificate of registration, they did not want the horse at all; that, until such certificate was furnished, defendants were not liable on the note and had a good defense to the collection thereof in the hands of either Green or the Bank; and that the note was made payable to the bank for the sole purpose of preventing Green from negotiating the same and putting it into the hands of parties against whom this defense would not be available. Thus it appears that the effect of the change in the name of the payee, if permitted to stand, was to change a liability that was conditioned upon a future performance to an absolute liability, and was, therefore, very material to all parties concerned.

It is further contended by the appellant that the change in the note, even though material, resulted from the negligence of the defendants, and that plaintiff should not suffer for such negligence. This contention is based upon the fact that the defendants, after the note was signed, intrusted it to said Green to be delivered to the bank; that, in so doing, they made Green their agent, and that, therefore, they, and not plaintiff, who was an innocent purchaser for value before maturity, should suffer in consequence of Green's fraudulent conduct. There would be much force in this argument were it not for other facts appearing on the record.

[3] There was no attempt to conceal the fact that the note had been tampered with. The name "State Bank of Twin Brooks" had not been erased other than to draw a pen through it and write the name "J. S. Green" above. Further than this, the ink that had been used to mark out the name of the bank and to write Green's name was not the same color as the ink that had been used to make out and sign the note. This fact alone is sufficient to at least suggest that the change in the name of the payee had not been made at the time of the execution of the note. This was sufficient to have put the appellant on inquiry as to the genuineness of the note, so that, while defendants may have been negligent in affording the said Green an opportunity to tamper with the note, plaintiff was equally negligent in failing to make inquiries that were suggested by the appearance of the note; and therefore, it is not a case, as claimed by appellant, for the applica-

tion of the rule that where one of two innocent parties must suffer it should be the one whose negligence caused the wrong. Plaintiff's negligence was as great as defendants'.

Finding nothing in the record that excepts this case from the provisions of §1289 Civ. Code, it is our conclusion that the judgment appealed from must be affirmed.