### JESSE FRENCH PIANO & ORGAN CO. v. BODOVITZ.

No. 9016—Opinion Filed Aug. 13, 1918.

Rehearing Denied Sept. 10, 1918.

(174 Pac. 765.)

1. **Evidence—Parol Evidence—Supplementing Written Contract.**

Where an oral agreement is partially reduced to writing, and the writing evidencing it is not a complete and final statement of the entire transaction, parol evidence, not inconsistent with such written contract, is admissible to show the full agreement.

2. **Same—Consideration of Note.**

Parol evidence to show an entire absence or a partial or total failure of consideration is not within the rule which excludes such evidence to vary or contradict the terms of a written contract. Accordingly, to show partial failure of consideration of a promissory note as a defense, parol evidence of what took place at the time the note was made is admissible.

3. **Same — Violation of Contemporaneous Oral Agreement.**

The evidence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted.

(Syllabus by Galbraith, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by the Jesse French Piano & Organ Company against J. A. Bodovitz. There was judgment for the defendant, and plaintiff appeals. Affirmed.

E. D. Slough, for plaintiff in error.

W. F. Bowman, for defendant in error.

Opinion by GALBRAITH, C. This appeal is from the judgment of the district court entered upon the verdict of a jury after a trial de novo on appeal from a justice of the peace court, where the cause was originally filed and tried. The action was based upon three promissory notes executed by the plaintiff in error to the defendant in error as part of the purchase price of a used Steinway piano. The notes were for $25 each, and alike in form, except the due date, having been given at Dallas, Tex., September 10, 1913. One of the notes was due July 1, 1914, and the other two were due at subsequent dates. The defendant admitted the execution of the notes, but pleaded failure of consideration by reason of the breach of an oral warranty as to the fitness of the piano, made as an inducement to the sale and during the negotiations thereof.

The facts, briefly stated, as shown by the evidence, are these: That Bodovitz, having read in a Dallas paper an advertisement of a used piano for sale, went into the place of business of the plaintiff in error in the city of Dallas on the 10th day of September, 1913, for the purpose of purchasing the piano. He contracted to purchase a used piano for the sum of $200, and paid on the purchase price at that time $50 cash, and executed promissory notes for the balance. One being for $50, due January 1, 1914, and four for $25 each, due 6, 9, 12, and 15 months after date, and the vendor was to retain possession of the piano until the first note was paid. The first note was paid in January, 1914, and the piano was delivered to the purchaser at Ardmore, Okla., about February 1, 1914. The second note, being the first one of the $25 series of notes, was paid, but when the second note of this series became due, the maker refused to pay it, and also denied liability on the other notes for the reason, as he contended, that the piano had proved, upon trial, to be worthless. He contended that at the time of the purchase, and as an inducement for entering into the contract of sale, the vendor represented to him that the piano he purchased had only been used about 60 days for demonstration purposes, and that it was practically as good as a new instrument; that this representation was false, and the piano, after repeated trials, proved to be worthless; that he had a number of piano tuners work on it and pronounce it in good condition, and it would apparently be in tune, but upon the next day it would be out of tune again; that after several unsuccessful attempts to put it in good condition he

abandoned the use of it, and it was practically worthless to him; that he was unable to use it for the purpose of having his daughters instructed in music on it, and he was compelled to send them away from home for the use of a piano.

The plaintiff in error denied that any warranty was made at the time of the sale, and contended that the piano was exactly as it had been represented to be, and that the purchaser saw and examined it prior to the time of the sale, and that he knew that he was buying a secondhand instrument, and he received exactly what he bought.

The case was tried to a jury, and the issues of fact raised by the pleadings were submitted to it. The instructions of the court as to the law were not excepted to, and we are bound to presume that they correctly announced the law arising upon the issues.

It is first contended that the court erred in allowing the defendant to testify over objections to the fact that the oral warranty was made at the time of the sale. It is argued that this was in violation of the established rule that oral testimony is not admissible to vary or contradict the terms of a written contract. Colonial Jewelry Co. v. Bridges, 43 Okla. 813, 144 Pac. 577; German Stock Food Co. v. Miller, 39 Okla. 634, 136 Pac. 426, and the class of cases referred to in these opinions are cited in support of this assignment. These cases are not applicable to this case, and are not controlling therein for this reason: In those cases the contract of sale and purchase was reduced to writing, while in the instant case the contract of sale was not reduced to writing nor was any attempt made to embrace the terms of the sale in the written instrument. Only a part of the contract of sale was reduced to writing, namely, that part in regard to the payment of the purchase price evidenced by the promissory notes. The rule is announced in Rawlings v. Ufer, 61 Okla. 299 161 Pac. 183, as follows:

"Where an oral contract is partially reduced to writing, and the writing evidencing it is not a complete and final statement of the entire transaction, parol evidence, not inconsistent with such written contract, is admissible to show the full agreement."

To the same effect, see Oklahoma Transfer Co. v. O'Neill, 59 Okla. 291, 159 Pac. 272, L. R. A. 1917A, 58; Smith v. Bond, 56 Okla. 112, 155 Pac. 1116.

The controlling rule in the instant case is announced in Ruling Case Law, vol. 10, p. 1052, as follows:

"Parol evidence to show an entire absence or a partial or total failure of consideration is not within the rule which excludes such evidence to vary or contradict the terms of a written contract. Accordingly, to show partial failure of consideration of a promissory note as a defense, parol evidence of what took place at the time the note was made is admissible."

Again, the same authority at page 1059:

"The evidence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted."

Again in 3 Ruling Case Law, p. 945, it is said:

'The early doctrine was that the defendant in an action on a bill of exchange or promissory note could not set up as a defense a partial failure of consideration, but must seek redress in an independent action. But recent authority has adopted the view that a failure of consideration, as well partial as total, may be introduced legitimately in evidence in an action at law, upon a promissory note, because such defense may diminish the multiplicity and circuity of actions, which it is the policy of the law to discourage; and it may be taken to be settled that a partial failure of consideration is a good defense pro tanto to an action upon the note by the payee, or by an indorsee who has taken it under such circumstances that he can stand only on the rights of the payee."

Section 4078, Rev. Laws 1910, being a part of the Negotiable Instrument Act, reads:

"Absence or failure of consideration is matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.

Again in Ruling Case Law, vol. 3, p. 947, it is said:

"The weight of authority as to warranty appears to incline in favor of its being a good defense to an action on a note, when the article constituting the consideration for the note was stipulated to be of a certain quality, and, on proving to be otherwise, has when practicable, been returned to the vendor. A plea of breach of warranty is the substantial equivalent of a plea of failure of consideration. The principle seems to be that, as the article received is not the kind of article agreed for, the expected consideration for the note never passed. A breach of warranty also subjects the vendor to pay all that is lost by the breach;

and suffering the vendee to avail himself of this breach, in answer to a suit for the consideration, prevents circuity of action, and produces no difference in the estimation of the damages. Pursuant to this principle the breach of a parol warranty may be shown as a defense pro tanto in an action between the original parties to a note given for the purchase price."

The section further proceeds:

"But ordinarily a promissory note, given for the purchase price of an article, is intended to contain only the obligation of the vendee, and that obligation is to pay the vendor a definite sum of money at a definite time. The vendor's obligation has no place in a purely negotiable instrument given by the vendee; and in a suit upon a \promissory note for the price of personal property, which does not purport to disclose the contract of sale, evidence of a parol warranty of the property, and a breach of the warranty, is admissible."

So in the instant case the promissory notes in suit did not purport to disclose the entire contract of sale, and evidence of the parol warranty of the property for which the notes were given was admissible, and this assignment of error must therefore be denied.

It is again contended that the court erred in admitting, over objection, testimony as follows:

"Q. Have you been able to use that piano; would it ever work? A. The piano is worthless; I never tried to use it myself; I do not use pianos."

It is contended that this testimony was immaterial; that it did not tend to prove any issue in case. An examination of the record discloses that it was admitted in connection with other testimony which tended to show the efforts the defendant made to use the piano for the purpose for which he had purchased it and his failure to make it perform the services that he had expected from it, and was therefore, in support of the issue raised, namely, breach of warranty of the fitness of the piano.

Again it is complained that the court erred in overruling the plaintiff's demurrer to the evidence, and refused to instruct the jury to return a verdict for the plaintiff. It is argued that if the irrelevant and immaterial testimony is excluded, there is not sufficient testimony in the record to support the verdict. However, the discussion of the preceding assignments discloses that we do not agree with the counsel for the plaintiff in error as to the competency of the evidence objected to. It appears from such discussion that there was competent evidence

to support the verdict of the jury, the controlling question being whether or not the oral warranty was made, and whether or not there was a breach of the same and the extent of the injury resulting therefrom. These were all questions of fact for the determination of the jury. They were submitted to the jury under correct instructions as to the law applicable. The jury by its verdict found these facts to be as contended by the defendant. The verdict, being reasonably supported by the evidence, is conclusive on this appeal.

We, therefore, conclude that the assignments of error are not well taken, and that the judgment appealed from should be affirmed.

By the Court: It is so ordered.