## FARMERS STATE BANK v. MOWRY et al.

No 13215—Opinion Filed Dec. 9, 1924.

Rehearing Denied Jan. 2, 1925.

(Syllabus.)

**1. Bills and Notes—Payee not Holder in Due Course.**

Under the Negotiable Instruments Law (sec. 7722, Comp. Stat. 1921), the payee in a promissory note cannot be a holder in due course.

**2. Bills and Notes—Liability of Surety Induced to Sign by Fraud of Maker— Knowledge of Payee.**

Fraud on the part of the principal maker of a promissory note, whereby his surety is induced to sign it, will not relieve the surety of liability to the payee if the payee did not know or have notice of the fraud at the time he accepted the note for a valuable consideration, but the question, as to whether or not the payee had such knowledge or notice of said fraud, is a question of fact to be determined by the jury from all the facts and circumstances of that particular transaction.

**3. Same—Judgment for Sureties Sustained.**

Record examined, and held, that the evidence reasonably tends to support the judgment appealed from.

Error from District Court, Pawnee County; R. S. Cole, Judge.

Action by the Farmers State Bank of Afton against A. F. Mowry, J. L. Rogers, F. Meadows, and B. L. Gillaspie on a promissory note. Judgment for the defendants, and the plaintiff brings error. Affirmed.

L. V. Orton, for plaintiff in error.

McCollum & McCollum, for defendant in error B. L. Gillaspie.

Prentiss E. Rowe, for defendants in error J. L. Rogers and F. Meadows.

MASON, J. Plaintiff in error, plaintiff below, instituted this action against the defendants in error, defendants below, to recover judgment against the defendants upon a promissory note for $5,000 executed by the defendants to the plaintiff.

It appears from the evidence that the defendant Mowry, who was cashier of the bank, at Hallett, and had defaulted in a large sum, was a brother-in-law of G. O. Shepherd. president of the plaintiff bank and former cashier of the bank at Hallett. It further appears that, on discovery of the shortage by a bank examiner, and after the examiner had advised Mowry to call his friends. Mowry telephoned to Shepherd. at Afton, which was about 200 miles from Hal-

lett, and that Shepherd went to Hallett immediately for the purpose of assisting Mowry and the bank of Hallett; that, after Shepherd arrived in Hallett and ascertained the amount of shortage from the examiner, he made out the note sued on herein on a blank note of the plaintiff bank, which he had brought with him, and after having Mowry sign the same advised him to go to the other defendants or other good sureties and have them sign the same. The note was delivered to Mowry in the morning after Shepherd arrived, but, although the other defendants lived only a few miles from Hallett, he made no attempt to have them sign it until late that night. After securing their signatures he delivered it to Shepherd, who was waiting at the bank of Hallett with the bank examiner, after which Shepherd paid the examiner $5,000 to cover Mowry's shortage.

It also appears that at this time the plaintiff bank owned what purported to be a note of the defendants for $5,000, which had been forged by Mowry. There is evidence, however, that, at the time of the execution of the second note, the plaintiff bank had no knowledge of the forgery.

The answer of the defendants was to the effect that they were induced to execute the note by fraud, misrepresentation, and deceit practiced upon them by Mowry, and that Mowry and Shepherd were engaged in a conspiracy to defraud defendants, and that in so doing they were acting as the agents of the plaintiff bank.

Upon the trial of the case, a verdict was rendered in favor of the defendants. Plaintiff appeals and makes 11 assignments of error, which may be considered under the following:

"First. That the court erred in overruling the motion to strike portions of the answer of the defendants.

"Second. Error in admitting evidence of the defendants as to the conversation had in the absence of Shepherd or any representative of the bank between Mowry and th defendants at the time they signed the note.

"Third. Error in overruling the motion of the plaintiff for an instructed verdict.

"Fourth. Error in permitting the defendants at the close of the trial to amend their answer to conform with the proof.

"Fifth. Error in giving instructions 8, 11, 12, 14, and 18."

Under the first assignment of error, the plaintiff contends that the court erred in overruling plaintiff's motion to strike all that part of the answer of the defendant

Gillaspie "commencing with paragraph No. 4, and all of pages 2, 3 and 4, and the first line of page 5."

The record does not disclose what portion of the answer was on these pages, and being unable to ascertain what the motion was leveled at, it is impossible for us to say whether or not the trial court erred in overruling the same.

Paragraphs Nos. 4 and 5 refer to the fraud and misrepresentation of Mowry in securing the signatures of the other defendants, with the further allegations that Shepherd and Mowry were acting conjointly and as the agents of the plaintiff bank. Practically the same question is presented by the second assignment of error, which is based upon the overruling of the objection to the evidence in support of said allegations, therefore, consideration of the second assignment will probably answer the plaintiff's contention which was attempted to be raised by the motion to strike. If the witnesses on behalf of the defendants testified truthfully, and their credibility was purely a matter for the jury to determine, the defendants were the victims of the grossest kind of fraud, misrepresentation, and deceit practiced by Mowry, whereby they were induced to sign the note sued on.

The plaintiff contends that it was a holder in due course, and therefore the trial court committed error in admitting over the objection of the plaintiff evidence of the fraud and misrepresentation practiced by Mowry on the other defendants at the time of securing their signatures to the note.

The contention, that the plaintiff bank is a holder in due course, is supported by many authorities of other states, but this court is committed to the rule that a payee on a promissory note cannot be a holder in due course. First National Bank of Poteau v. Allen et al., 88 Okla. 162, 212 Pac. 597; Strother et al. v. Wilkinson, 90 Okla. 247, 215 Pac. 436.

In support of plaintiff's contention, that the trial court committed error in admitting evidence of the defendants relative to the fraud and misrepresentation of Mowry in securing the signatures of the other defendants, plaintiff cites many cases which hold, in substance, the same as Potts v. First State Bank of Talihina, 51 Okla. 162, 151 Pac. 859, wherein the following rule is announced:

"Fraud on the part of the principal maker of a promissory note, whereby his surety is induced to sign it, knowing it to be a note, will not relieve the surety of liability to the payee if the payee did not know or

have notice of the fraud at the time he accepted the note for a valuable consideration."

Of course, if the plaintiff had knowledge of the fraud of Mowry at the time it accepted the note, evidence of the same would be admissible against the plaintiff, and if the evidence were sufficient to establish the same, plaintiff would be precluded from recovering.

It is the contention of plaintiff that there is no evidence that the plaintiff had any knowledge of the fraud on the part of Mowry. The answer of the defendants, however, contains an allegation that Shepherd and Mowry were acting conjointly and as the agents of the plaintiff. It is admitted that Shepherd was president and agent of plaintiff bank. If there was sufficient evidence to establish Mowry as the agent of the plaintiff, or to establish that Shepherd had knowledge of Mowry's fraud, then the evidence thereof was admissible, as knowledge of the agent would be knowledge to the plaintiff bank. Plaintiff says that Shepherd testified that he had no such knowledge, and testified. further, that Mowry was not the agent of the plaintiff, and inasmuch as there was no positive testimony to the contrary, the evidence of Mowry's fraud was not admissible, and as there was no other evidence. the court should have sustained the plaintiff's motion for an instructed verdict.

In determining the question of fraud, as well as agency, the facts and circumstances surrounding each particular transaction must be taken into consideration. It is largely a question of fact peculiar to each transaction. We do not agree with counsel's contention that the evidence of Shepherd was undisputed. It may be conceded that there was no positive contradiction of the same, but we think the facts and circumstances surrounding the entire transaction were sufficient to warrant the trial court in submitting the question to the jury as to whether- or not the plaintiff had knowledge of Mowry's fraud. The fact that Shepherd left his business in Afton and went 200 miles for the purpose of attempting to save the bank at Hallett, and prevent a criminal prosecution against his brother-in-law; that, after ascertaining the amount of Mowry's shortage from the bank examiner, he executed a note on a blank brought from the plaintiff bank for this purpose and gave it to Mowry with instructions to carry it to the other defendants for their signatures; and the fact that Shepherd waited at the bank until late that night for Mowry's return of the note, and that he paid

the money to the examiner without further investigation, although the other defendants lived but a few miles from the bank, and it was possible to communicate with them by telephone, were strong circumstances that Mowry was acting as agent of the plaintiff bank. The fact that Shepherd had formerly been cashier of the bank of Hallett and knew the other defendants to be farmers and very conservative business men, and the fact that he had knowledge that Mowry was a defaulter at that time, and that the other defendants had no such knowledge and that Mowry could not secure their signatures unless he concealed or misrepresented said facts, were strong circumstances that he had knowledge of the fraud and misrepresentation of Mowry. It is not likely that the other defendants would have signed the note in question if they had known that Mowry was a defaulter, and that the proceeds of said note were to be used in covering said shortage.

We are of the opinion, from an examination of the entire record, that the facts and circumstances were sufficient to warrant the trial court in submitting the question to the jury, and since the jury found for the defendants, and there was evidence reasonably tending to support the same, it will not be disturbed on appeal.

It is next urged that the court erred in permitting the defendants to amend their answer at the close of the testimony so as to conform to the proof. The original answer filed by the defendants admitted the execution by the defendants of the note sued on, but alleged that their signatures had been obtained by fraud and misrepresentation. The proof on behalf of the defendants, however, was to the effect that the instrument sued on, which was introduced in evidence during the trial, was not the instrument that the defendants had signed and for that reason permission was asked to amend the defendants' answer.

The record discloses that the amendment of the answer was permitted over the objection of the plaintiff, but that the court offered to consider an application for a continuance if the plaintiff were unable, at that time, to meet the new allegations of the answer, but the attorney for the plaintiff stated that no continuance was desired. We fail to see, therefore, where the plaintiff was prejudiced by the action of the court. In this connection, it might be stated that, inasmuch as the execution and delivery of the note by the defendants was denied under oath, and there was evidence reasonably tending to support said allegation, a general finding of the jury in favor of

the defendants was a finding that the note sued on had not been executed and delivered by the defendants.

We have examined the instructions given by the court, to which the plaintiff excepted, and fail to find any prejudicial error in the same when viewed in connection with the other instructions in the case. We think the instructions, as a whole, fairly presented to the jury the issues formed by the pleadings in the case.

For the reasons stated, the judgment of the trial court is affirmed.

McNEILL, C. J., NICHOLSON, V. C. J., and JOHNSON, BRANSON, WARREN, and GORDON, JJ., concur.

Note.—See under (1) 8 C. J. § 686 (1926 Anno.) (2) 32 Cyc. pp. 64, 139; (3) 8 C. J. § 1361.