**T. W. McNEAR SECURITIES CO. v. BAKER.**

No. 16882.    Opinion Filed June 28, 1927.

Rehearing Denied Sept. 27, 1927. .

(Syllabus.)

1. **Bills and Notes—Failure of Consideration as Defense.**

Entire or partial failure of consideration is a defense to an action on a promissory note, as against one not a holder in due course.

2. **Same—Sufficiency of Answer—Partial Failure of Consideration.**

In an action upon a promissory note, brought by the payee against the maker, an

answer which alleges that the note in question represented a fictitious and greatly excessive valuation placed upon real estate conveyed by payee to the maker, and that the maker was compelled to execute said note and accept the real estate in order to protect himself against a total loss upon an obligation due the maker from the payee, constitutes a legal and sufficient plea of want of consideration.

### 3. Appeal and Error—Overruling Demurrer to Cross-Petition not Material Error Where Issue Not Submitted.

Error cannot be predicated upon the overruling of a demurrer to defendant's cross-petition, where the court's instructions do not present the matters pleaded in such cross-petition to the jury for its consideration.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by the T. W. McNear Securities Company against Roy E. Baker. Judgment for defendant, and plaintiff brings error. Affirmed.

C. E. B. Cutler, for plaintiff in error.

Fred M. Carter and C. M. Gordon, for defendant in error.

HUNT, J. This cause presents error from the district court of Okmulgee county. The plaintiff, T. W. McNear Securities Company, sued defendant Baker upon a promissory note in the principal sum of $831, bearing interest at 8 per cent. per annum, payable semi-annually. It alleged default in payment of the said note, and sought to have the said sum declared a vendor's lien upon certain property in the city of Okmulgee. The prayer is for judgment upon the note and foreclosure of the vendor's lien. The answer of the defendant, Roy E. Baker, was to the effect that the consideration for said note had failed, and the defendant was, therefore, not indebted thereon. Plaintiff filed a motion to strike defendant's answer, and also a demurrer thereto, both of which were overruled. Thereafter plaintiff filed his reply, which was a general denial, and which again challenged the sufficiency of the defendant's answer to constitute a defense to the action.

The cause was tried to a jury. A verdict was returned for the defendant, upon which judgment was entered. From an order of the trial court overruling its motion for a new trial, the plaintiff has appealed to this court, and presents, for reversal, the single proposition that the answer of the defendant was insufficient to constitute a defense to plaintiff's action. To properly dispose of the cause, it will be necessary to examine the defendant's answer.

The allegations contained in defendant's answer, and upon which he relied for a defense to plaintiff's action, disclose the following state of facts: In March, 1923, plaintiff sold to the defendant seven and one-half acres of land in Hidalgo county, Tex., this being in the section known as the "Rio Grande Valley" for a consideration of $3,750. Defendant thereupon expended for fruit trees approximately $500 which he set out upon the land, at which time he discovered that only a few inches below the surface the water stood continuously, rendering the said land worthless for any productive purposes. Thereafter defendant took the matter up with plaintiff, claiming that the land had been misrepresented to him and that he had been defrauded, and after some negotiations plaintiff agreed to reimburse the defendant Baker for the entire amount he had paid out on the land if Baker would reconvey same to it. This, Baker agreed to do, and reconveyed the Texas land to plaintiff and accepted plaintiff's two notes, one in the sum of $2,000, and one for $2,183; said total sum of $4,183 being in full of the amount Baker had expended for the land.

These notes became due on September 1, 1923, and were not paid at maturity, and defendant alleges in his answer that upon investigation he had learned that plaintiff, which was a nonresident of Oklahoma, was practically insolvent and held no property in this state in its own name. Negotiations were entered into for the transfer of certain property in Okmulgee county and a lot in Muskogee county to defendant Baker, the purchase price of same to be credited on plaintiff's notes, the title to this property being held by one L. M. Tryer. Some four or five pieces of property were thus transferred to defendant Baker and the price agreed upon for all the property exceeded plaintiff's notes to Baker in the sum of $831, for which sum the note herein sued upon was given on November 28, 1923. Defendant further alleges that the price at which he was forced to accept the property in order to collect plaintiff's notes and thus protect himself against loss of the entire consideration he had paid for the Texas land was greatly in excess of its real value and instead of being worth $831 more than plaintiff's notes it was in truth and in fact worth about $1,500 less, for which amount judgment was asked against plaintiff on a cross-petition.

Under section 7698, C. O. S. 1921, entire

or partial failure of consideration is a defense to an action such as here presented, against any person not a holder in due course. In First National Bank of Poteau v. Allen et al., 88 Okla. 162, 212 Pac. 597, it was held that the payee in a promissory note cannot be a holder in due course. This suit being brought by the payee named in the note, the defense of entire or partial failure of consideration was available to the defendant. The inquiry, therefore, will be directed to the proposition of whether or not the defendant's answer was sufficient to constitute a plea of failure of consideration.

The plaintiff's brief contains no citation of authorities upon the proposition here involved, but is devoted largely to an argument of the proposition that the reconveyance of the Texas land and acceptance of the notes by Baker amounted to a compromise, and was binding upon the defendant. This is not the question presented by this appeal, for, as heretofore observed, the plaintiff urges, for reversal, the single proposition that the answer was insufficient as a plea of want of consideration.

What seems to be the universal rule, is announced in 3 R. C. L. 924, as follows:

"The consideration of a contract, in whatever form it may have been, may, as between the immediate parties to it, be subject of inquiry."

In Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253, this court held:

"Where an action is brought by the original payee against the maker upon a promissory note, it may be properly pleaded as a defense that the amount of said note was greater than the balance due for which said note was given, and to the extent of such proved excess, said note is without consideration."

And in Oilton State Bank v. Ross, 108 Okla. 24, 234 Pac. 567, this court announced the following rule:

"The law will not permit the maker of a note, where there is a consideration therefor, to show an oral agreement at the time of its execution that he was not liable thereon, for the reason that this would violate the rule forbidding the contradiction of a written instrument by parol evidence; but this rule is not infringed by permitting it to be shown by parol what caused the party thus to obligate himself and thereby test the question of whether he is legally bound as the writing imports, or whether he is by any cause wholly or partially freed from liability thereon."

"As between the original parties to a note, or between the payor and any person not a holder in due course, the consideration for the note may always, in the absence of an estoppel, be inquired into, and a want or failure of consideration constitutes a good defense."

In considering the sufficiency of a pleading, as against a demurrer, the matters set up in the pleading are admitted as true, together with all legitimate and reasonable inferences to be drawn therefrom. It was pleaded that plaintiff was insolvent; that it had no property in this state in its own name, the Muskogee and Okmulgee county property being in the name of another party; and that, in order to avoid the loss of the entire consideration paid for the Texas land, defendant was compelled to accept the Muskogee and Okmulgee county property at whatever valuation plaintiff placed thereon. It is further pleaded that the valuation placed upon the said property by the plaintiff was approximately 50 per cent. in excess of its market value at the time of the transaction, and that the note here in question represented a portion of the excessive valuation placed upon the said property by the plaintiff. The note was marked, by defendant, "not negotiable." This was designed, evidently, to prevent the transfer of the instrument to a third party, which would or might have destroyed the defense of want of consideration here presented.

A thorough examination of the defendant's answer convinces us that the same pleaded a legal and sufficient defense of want of consideration. How else, under the facts disclosed by the answer, and which the jury evidently found to be true, could the defendant here have protected himself, or avoided the loss of the entire consideration for the Texas land? Had he refused to accept the Okmulgee and Muskogee county properties, and sued the plaintiff on the notes given for the purchase price of the Texas land, and recovered a judgment thereon, under the facts appearing here, it would have been impossible to have collected the said judgment, since plaintiff was insolvent, and owned no property in the state of Oklahoma subject to execution, and we believe no court could or would, under the circumstances here appearing, hold that the defendant is culpable by reason of his acceptance of the said Muskogee and Okmulgee county property, when, as disclosed by his answer, he was only making an effort to recover a portion of the purchase price of the Texas land. Certainly to hold that he cannot plead the excessive and fictitious valuation placed upon the said property, as a defense to the note sued upon here, would be to leave him without a remedy against

the plaintiff, since a suit or a personal judgment against the plaintiff would, under the facts as disclosed by the record herein, avail him nothing. The effect of defendant's answer is that the note sued upon represented an amount greater than the balance due upon the consideration for the property involved, and falls squarely within the rule announced in Holland Banking Co. v. Dicks, supra, and the defendant, in our opinion, under his answer, was permitted to show by parol evidence that he was not legally bound by the said note, by reason of the matters set up in his answer, as was held in Oilton State Bank v. Ross, supra. The jury, after hearing the evidence, by its verdict for defendant, found that the said note was without consideration. No complaint is made by plaintiff as to the sufficiency of the evidence, the entire objection being as to the legal sufficiency of the answer to constitute a defense to plaintiff's action.

The plaintiff complains that the cross-petition of defendant, wherein he sought $1,500 damages on account of fraud in the Texas land deal, was a set-off and counterclaim, and was not proper because it sought to set off, against the note, alleged damages accruing by reason of a tort. It is not necessary to consider this contention, since the court did not submit the cross-petition to the jury and no recovery was had on same.

Other assignments of error are set out in the petition in error, but not being argued in the brief, will be considered waived.

Having reached the conclusion that the answer pleaded a legal and sufficient defense, and the sufficiency of the evidence to support the verdict of the jury not being questioned, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 8 C. J. p. 747, §1019; p. 752, §1023; 3 R. C. L. p. 942; 1 R. C. L. Supp. p. 928; 4 R. C. L. Supp. p. 223; 6 R. C. L. Supp. p. 209. (2) 8 C. J. p. 918. §1204. (3) 4 C. J. pp. 934, 936 (Anno), §2909.