## FIRST NATIONAL BANK OF CUSHING v. WOODS.

No. 26041. May 28, 1935.

Rehearing Denied June 18, 1935.

Walter Mathews, for plaintiff in error.

Earl Appleton Brown, for defendant in error.

PER CURIAM. The parties will be referred to herein as plaintiff and defendant, as they appeared in the court below.

The pleadings and evidence establish the following facts: On the 1st day of May,

1933, Peery & Son, of Cushing, Okla., held a public sale of their dairy cattle and dairy equipment. The First National Bank of Cushing, Okla., through its cashier, Charles F. Foster, acted as clerk of said sale, and received compensation therefor. At the sale the defendant, Mort Woods, purchased two of the dairy cows for a consideration of $260, one-half of which he paid in cash, and gave his note secured by a chattel mortgage back on the cattle for the balance. Peery & Son were indebted to the bank, and by an agreement between them and the bank the Woods note and mortgage were executed to the bank. The two cows sold to Woods were warranted to be subject to registration as Guernsey cattle, and the vendors agreed to secure their registration. The bank had actual notice and knowledge of the warranty of the cattle and the contemperaneous agreement between the Peerys and Woods to secure the registration of said cattle at the time it took the note and mortgage, and knew that the warranty went with the cattle and that the agreement to secure the registration of the cattle was a part of the consideration passing between the vendors and the vendee. The cows were refused registration by the American Guernsey Club. The fair market value of the cows as grade cattle would not exceed $125.

Upon the failure of the vendors to secure the registration of the cattle, the defendant refused to pay the note given to the bank for one-half of the purchase price thereof. The plaintiff then brought this suit in replevin in the justice court to recover the possession of the cows for sale under its chattel mortgage. The defendant made a redelivery bond and retained possession. The answer admitted the execution of the note, but pleaded failure of consideration based upon the breach of warranty, as above set out; that defendant was ready and willing to return the cattle upon the repayment of the $130 which he had paid on the purchase price, or that he would retain the cows at the price of grade cattle, and the cancellation of his note and a judgment against the plaintiff in the amount paid in excess of the actual value of the cows. And by way of cross-petition he alleged the value of the cattle to be $100, and prayed for judgment against the plaintiff for $30, the difference between the amount paid and the actual value of the cattle, for $25 attorney's fee, and for $25 expenses incurred by the defendant in his effort to assist the vendors in having said cows registered.

Judgment was rendered for the defendant in the justice court, and plaintiff appealed to the district court, where the trial to a jury resulted in a verdict and judgment for the defendant for the possession of the cattle. Motion for new trial was overruled, and plaintiff brings the case here for review.

The motion for new trial set out numerous alleged errors, and the petition in error assigns as single error the order overruling the motion for a new trial.

Plaintiff's brief discusses all objections to the judgment under a singular head, stated by counsel as follows:

"* * * And counsel submits that the evidence shows only a breach of warranty between the vendor and the defendant in error, and not a failure of consideration. And that the remedy of the defendant in error was the return of the cattle and an action against the vendor for the breach of such warrant.

"On the theory then that the bank in the case was a mere assignee of the note from the vendor, the defendant in error failed to prove a defense to the note, as there was no failure of consideration, and the breach of warranty did not occur until after the assignment of the note and after the defendant in error knew of the assignment."

We shall consider these questions in their inverse order. The undisputed record fully supports the above statement of facts.

The plaintiff is named as payee in the note. It had notice and knowledge at the time of the execution thereof of the warranty and the contemporaneous agreement between the vendors and the defendant, Mort Woods. Under this state of facts, can the plaintiff be said to be a holder of the note in due course? We think not.

In some jurisdictions the payee named in a negotiable instrument may, in proper circumstances, be a holder in due course, but this court, beginning with the First National Bank of Poteau v. Allen, 88 Okla. 162, 212 P. 597, and through an unbroken line of decisions, has held the converse of this rule to be the law in this state. The court, in the above case, followed the decision of the Supreme Court of Oregon found in the case of the Bank of Gresham v. Walch, 147 P. 534, were that court said:

"The plaintiff bank is the original payee named in the note sued on. It has never been indorsed or transferred. Plaintiff is not a holder thereof in due course within the meaning of the statute. The note is subject to the defense stated in the answer."

And this court, in following the rule, held:

"Under the Negotiable Instruments Law (sec. 4102, Rev. Laws 1910, now sec. 11351, O. S. 1931), the payee in a promissory note cannot be a holder in due course."

In the case of Strother v. Wilkinson, 90 Okla. 247, 216 P. 436, the first paragraph of the syllabus is as follows:

"The payee in a promissory note is not a 'holder in due course, and in the hands of the payee a negotiable instrument is subject to the same defenses as if it were non-negotiable."

The question was back before the court in the case of Rice v. Jones, 102 Okla. 30, 225 P. 958, where the rule is reiterated. In the case of Farmers State Bank v. Mowry, 107 Okla. 275, 232 P. 26, the court said:

"The contention that the plaintiff bank is a holder in due course is supported by many authorities of other states, but this court is committed to the rule that a payee on a promissory note cannot be a holder in due course."

Other cases in this line of authorities are Appelman v. Pepis. 117 Okla. 199, 246 P. 225; T. W. McNear Securities Co. v. Baker, 126 Okla. 210, 259 P. 563; First National Bank of Westville v. Russell, 128 Okla. 222, 262 P. 205; Eastman National Bank v. Naylor, 130 Okla. 229, 266 P. 778.

Since the plaintiff is not a holder of the note in due course, is the admitted breach of warranty available to the maker as a defense to the note?

Plaintiff contends that the breach of warranty is not a failure of consideration, "and that the remedy of the defendant was a return of the cattle and an action against the vendors for the breach of warranty." This position cannot be sustained. It is true that some early cases can be found which support the theory that partial failure of consideration could not be pleaded as a defense to the paper, and that redress could be had only by action. But now it is generally held that a partial failure of consideration is a defense where the note is in the hands of the payee. It is also generally held that a breach of warranty, as to the consideration for which the note is given, is a good defense. 8 C. J. 754.

In the case of National Bank of Commerce v. Feeney, 12 S. D. 156, 80 N. W 186, the vendor warranted the quality of certain sheep, for the price of which a promissory note was given. The action was in replevin for the possession of the sheep for sale under chattel mortgage given to secure the note. The defense was a failure of consideration based upon the breach of the warranty; the court held that the defense was proper.

In the case of Huntington v. Lombard, 22 Wash. 202, 60 P. 414, the court held as follows:

"A partial or complete want of consideration may be pleaded to an action on a note for the price of property where there has been a breach of warranty."

In Holbert v. Lauritson et al., 34 S. D. 267, 148 N. W. 19, one Green sold to the defendants a stallion under a warranty that he was a registered Percheron, and agreed to furnish to the purchasers a certificate of registration within three days from the date of the sale. The defendants executed a note for the purchase price, payable to the State Bank of Twin Brooks. The note, after execution, was delivered to Green to be, by him, turned over to the bank. But, instead, he drew a line through the name of the bank and inserted his name as the payee. And then transferred the note to the plaintiff. The seller failed to secure the certificate of registration, and the defendants refused payment. Holbert, claiming to be a holder in due course, brought suit on the note. The court held that plaintiff was not an innocent purchaser, and upon the question of breach of warranty held:

"The makers of a note payable to a bank given to the seller of a stallion, for which he agreed to furnish a certificate of registration, were not liable on the note until such certificate was furnished."

These authorities are in harmony with the holdings of this court. We held in Jones v. Citizens State Bank, 39 Okla. 393, 135 P. 373, that:

"A note given for purchase price of property and made payable to plaintiff at request, and for benefit of seller, is subject, in hands of plaintiff, to all infirmities in the execution and original consideration between the maker and such seller in the absence of circumstances creating an estoppel in equity."

The case of Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985 is a case very similar to the case at bar. There the suit was in replevin to recover certain property covered by a chattel mortgage. The defense was a failure of consideration based upon a breach of warranty. The court, after citing the case of Jesse French

648

Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765, said:

"As shown therein, a plea of breach of warranty is the substantial equivalent of a plea of failure of consideration."

The second paragraph of the syllabus is as follows:

"The plea of breach of warranty is the substantial equivalent of a plea of total or partial failure of consideration, and may be shown as a defense pro tanto in a replevin action between the original parties based on a conditional sales contract for the sale of machinery."

The instructions of the court correctly state the law. The judgment is supported by the evidence.

Finding no reversible error in the record, the judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. C. Alley, John L. Norman, and J. L. Newhouse in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Alley and approved by Mr. Norman and Mr. Newhouse, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, and GIBSON, JJ., concur.