## EDWARDS v. J. I. CASE CO.

No. 29201.   April 30, 1940.

*102 P. 2d 120.*

Gasper Edwards, of Oklahoma City, for plaintiff in error.

Keaton, Wells & Johnston, of Oklahoma City, for defendant in error.

PER CURIAM. The record in this cause shows that on October 3, 1935, the plaintiff in error, hereafter referred to as defendant, purchased from Farmers Hardware & Implement Company of El Reno a certain used tractor for which he paid $250 in cash and executed a note for a like amount wherein the defendant in error, hereafter referred to as plaintiff, was named as payee. The vendor at the same time executed and delivered to defendant a written warranty whereby said tractor was guaranteed to be in first class running order and in perfect mechanical condition; that the warranty given was untrue and the tractor was not in good running order nor in perfect condition, but on the contrary was in bad mechanical condition, and that the vendor failed to make said warranty good, and that defendant was compelled to and did expend considerable sums in attempts to make the tractor work, and consequently refused to pay the note

which he had given for the balance of said purchase price, and thereupon this action was brought upon the note. The defendant alleged as a defense failure of consideration by reason of breach of warranty and by cross-petition sought to recover damages which he alleged he had sustained as the result of failure of said tractor to perform the work for which it had been sold. Trial was had to a jury, the defendant assuming the burden of proof. The evidence was substantially as above stated. The trial court sustained a demurrer to the evidence of the defendant and directed a verdict in favor of the plaintiff. Motion for new trial was overruled, and the defendant has perfected this appeal.

The decisive issue presented is whether the trial court was warranted, under the circumstances, in sustaining the demurrer to the evidence and in directing a verdict in favor of plaintiff.

The plaintiff being the payee named in the note, it could not be a holder in due course. Section 11351, O. S. 1931, 48 Okla. St. Ann. § 122; First National Bank of Poteau v. Allen, 88 Okla. 162, 212 P. 597; Strother v. Wilkinson, 90 Okla. 247, 216 P. 436; Farmers' State Bank v. Mowry, 107 Okla. 275, 232 P. 26; First Nat. Bank of Cushing v. Woods, 172 Okla. 645, 46 P. 2d 565. The plaintiff not being a holder in due course, it came within the rule announced in Jones v. Citizens' State Bank, 39 Okla. 393, 135 P. 373, wherein it was said:

"A note given for purchase price of property and made payable to plaintiff at request and for benefit of seller, is subject, in the hands of plaintiff, to all infirmities in the execution and original consideration between the maker and such seller, in the absence of circumstances creating an estoppel in equity."

See, also, Appelman v. Pepis, 117 Okla. 199, 246 P. 225; First National Bank of Cushing v. Woods, supra.

The plea of breach of warranty was in effect one of failure of consideration. French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765; Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985. This plea was a valid defense to the note in the hands of plaintiff, and, since the evidence of the defendant when considered in connection with the reasonable inferences to be deduced therefrom was sufficient to sustain a verdict in his favor, had such been returned by the jury, it was error to sustain a demurrer thereto and to direct a verdict against the defendant. United States Casualty Co. v. Jackson, 173 Okla. 60, 46 P. 2d 939; First National Bank of Ardmore v. Spiers, 130 Okla. 60, 265 P. 137. In view of what we have said and the authorities cited, it is apparent that the trial court was not warranted in sustaining the demurrer and directing a verdict in favor of plaintiff. It is unnecessary to discuss the other matters presented in the briefs of the respective parties.

Reversed and remanded for a new trial.

BAYLESS, C. J., and OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.