**MID–CENTRAL TOWING COMPANY,**
Plaintiff in Error,

v.

**NATIONAL BANK OF TULSA,**
Defendant in Error.

D–X Sunray Oil Company, Interpleaded
Defendant.

No. 38388.

Supreme Court of Oklahoma.

Dec. 1, 1959.

Rehearing Denied Jan. 12, 1960.

Crowe & Thieman, Charles H. Froeb, Tulsa, for plaintiff in error.

James E. Bush, Ralph L. Abercrombie, George W. Clark, Tulsa, for defendant in error.

IRWIN, Justice.

This action was commenced by Mid-Central Towing Company, hereinafter referred to as Mid-Central, against the National Bank of Tulsa, hereinafter referred to as NBT, for the collection of a cashier's check. NBT had issued and delivered the cashier's check to Mid-Central at the request of Mid-Central after it presented for payment a check wherein Mid-Central was payee, D-X Sunray Oil Company was the payer or drawer, and NBT was the drawee bank. NBT refused to honor the cashier's check when presented for payment by Mid-Central for the reason NBT had received a stop payment order on the original check issued by D-X Sunray. Before answering, NBT filed its affidavit of interpleader, interpleading D-X Sunray and an order was made interpleading D-X Sunray and Mid-Central filed a motion to vacate. This motion was overruled and the court directed NBT to deposit in the registry of the court the sum of $9,090.27, together with interest, and upon compliance therewith, the action was dismissed against NBT. From this order Mid-Central perfected this appeal.

Pleadings And Findings

Mid-Central alleged NBT issued its cashier's check in favor of it on January 28, 1958, in the sum of $9,090.27; that the cashier's check was presented to NBT for payment and NBT wrongfully refused to pay the same and informed Mid-Central it had stopped payment on said check. Mid-Central prayed judgment for $9,090.27.

NBT's affidavit of interpleader was regular in form and made pursuant to Title 12 O.S.1951 § 238; sets forth the action is on a contract for the recovery of funds held by it; that D-X Sunray, without collusion with defendant, makes a claim to the fund; that NBT makes no claim to the fund and is ready to pay or dispose of such fund as the court may direct.

The trial court upon "the admissions of facts made by counsel for the plaintiff and the defendant herein for the purpose of this argument only "found in its order of interpleader and dismissal inter alia, that: "On January 27, 1958, D-X Sunray issued its check payable to Mid-Central drawn on NBT. On January 28, 1958, between the hours of 11:35 A.M. and 12:15 P.M., Mid-Central presented the check to NBT, and requested a cashier's check. A cashier's

check for $9,090.27 was issued by NBT and delivered to Mid-Central. On that same day at approximately 11:35 A.M., D-X Sunray by a telephone call to NBT, directed a stop payment on its check in favor of Mid-Central. On January 31, 1958, Mid-Central presented the cashier's check to NBT for payment; payment was refused and the words "Stop Payment" were stamped on the face of the cashier's check. NBT charged the account of D-X Sunray for $9,090.27, and credited it to the General Ledger of NBT, subject to the outstanding cashier's check sued upon in this action." The court also found:

"* * * the fund in the sum of $9,090.27, held by the National Bank of Tulsa, to which fund the National Bank of Tulsa disclaims any interest therein, but on the contrary, which fund is claimed by the plaintiff herein by virtue of the Cashier's Check sued upon in this action and which fund is also claimed by D-X Sunray on the basis of the Stop Payment order entered with the National Bank of Tulsa, and that this fund is the subject matter of this litigation and that the Mid-Central Towing Company and the D-X Sunray Oil Company are the rival claimants thereto."

## Contentions

Mid-Central contends the court erred in its order interpleading D-X Sunray and dismissing the action against NBT for the reason D-X Sunray has no claim against NBT nor in the cashier's check or proceeds thereof and Mid-Central is deprived of its action against NBT; that the cashier's check and D-X Sunray check are separate and distinct transactions and interpleader does not lie under Title 12 O.S.1951, Sec. 238.

NBT asserts the order of interpleader and dismissal were made in compliance with, and expressly within the terms of the interpleader statute, as there is only one fund involved and both Mid-Central and D-X Sunray claim the right thereto and NBT disclaims all interest therein.

## Conclusions

Our interpleader statute, Title 12 O.S.1951, Sec. 238, was enacted for the purpose of providing a means whereby conflicting claims could be adjudicated without a multiplicity of suits. It provides a convenient method whereby adverse claims to property held by a third person, who has no interest or claim in the subject matter, can be adjudicated.

This is an action on a contract, being the cashier's check, for the recovery of funds held by NBT which Mid-Central and D-X Sunray both claim and NBT makes no claim. The rights of a holder in due course, without notice, is not involved as Mid-Central was the payee named in the cashier's check and as such is not considered a holder in due course as defined by Title 48 O.S.1951 § 122. See First National Bank of Cushing v. Woods, 172 Okl. 645, 46 P.2d 565; First National Bank of Westville v. Russell, 128 Okl. 222, 262 P. 205; First National Bank of Poteau v. Allen, 88 Okl. 162, 212 P. 597.

Oklahoma follows the general principle of law that a drawer of a check may countermand its check and a drawee bank is obliged to obey the stop payment order if such is received prior to the time the drawee bank has paid the check. See First National Bank of Durant v. School District # 4, Bryan County, 31 Okl. 139, 120 P. 614, 39 L.R.A.,N.S., 655; Young v. Hembree, 181 Okl. 202, 73 P.2d 393; Brown v. Eastman National Bank of Newkirk, Okl., 291 P.2d 828, 55 A.L.R.2d 971.

Title 48 O.S.1951 § 75, provides, "absence or failure of consideration is matter of defense as against any person not a holder in due course." It follows that if a bank issues a cashier's check without consideration, payment may be refused when presented by the original payee, as he is not a holder in due course.

Upon these salient facts and principles of law we must conclude that if the stop payment order were received by NBT prior to the issuance and delivery of the cashier's check, the trial court did not err in over-

ruling the motion to vacate and dismissing the action against NBT upon its depositing the funds as directed. The basis for this conclusion being: The cashier's check was not in the hands of a holder in due course and was issued without consideration and NBT, acting merely as a stakeholder, had in its possession funds Mid-Central and D-X Sunray both claimed and to which NBT made no claim, and interpleader was proper.

We must determine whether the stop payment order was received by NBT prior to the issuance and delivery of the cashier's check to Mid-Central. As this appeal is on the original record and no evidence is presented, this fact must be determined from the findings and orders of the trial court and the justifiable inferences therefrom.

 Although no request was made for any special findings, the court made certain special findings of fact but it did not make a specific finding that the stop payment order was received by NBT prior to the issuance and delivery of the cashier's check. This court on appeal will presume that the trial court in its conclusions of law found every special thing necessary to be found to sustain the general finding and conclusion. See Magna Oil & Refining Co. v. Cameron Refining Co., 111 Okl. 89, 238 P. 413; Home Development Co. v. Hankins, 195 Okl. 632, 159 P.2d 1013; McGrath v. Eichhoff, 187 Okl. 64, 100 P.2d 880; and Gillespie v. Dougherty, 179 Okl. 330, 65 P.2d 486.

In view of the presumption that the trial court found every special thing to sustain the general finding and conclusion and the total absence of any evidence to the contrary, we must conclude that the trial court found that the stop payment order of D-X Sunray was received by NBT prior to the issuance and delivery of the cashier's check to Mid-Central; that the cashier's check was issued without consideration and was not in the hands of a holder in due course; that there is only one fund and D-X Sunray and Mid-Central both lay claim thereto and NBT has no interest or claim thereto; and that D-X Sunray was without collision with NBT.

We therefore hold the trial court did not err in denying the motion of Mid-Central to vacate the order of interpleader and dismissing the cause of action against NBT, and the same is hereby affirmed.

Affirmed.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.