The **FIRST STATE BANK OF BOOKER, TEXAS**, a corporation, Appellant,

v.

The **FIRST NATIONAL BANK OF BEAVER, OKLAHOMA**, a corporation, Appellee.

No. 7235.

United States Court of Appeals Tenth Circuit.

June 27, 1963.

Rehearing Denied July 25, 1963.

Robert Lemon, Perryton, Tex., and Merle Lansden, Beaver, Okl. (Lemon, Close & Atkinson, Perryton, Tex., and Lansden, Drum & Goetzinger, Beaver, Okl., on the brief), for appellant.

Coleman Hayes, Oklahoma City, Okl. (Robert L. Miles, Beaver, Okl., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

This action was brought by the appellant bank against the appellee bank on a bank money order which appellee had issued. The bank money order was payable to the attorneys and agents for appellant. The appellee bank in its pleadings asserted that there had been a failure of consideration for the issuance of the money order. The case was presented on a stipulation of the facts and the court found in favor of the appellee bank.

Throughout the proceedings, the appellant has been referred to as the Texas bank and the appellee as the Oklahoma bank. The case was tried under the Oklahoma Negotiable Instruments Law then in effect.

The questions presented to the trial court were whether or not there had been a failure of consideration for the issuance of the money order, and whether or not the defense of failure of consideration may be asserted against the Texas bank. The trial court held there was a failure of consideration and also that under Oklahoma law the payee of a bank money order is not a holder in due course, and thus the defense of failure of consideration was good.

The facts surrounding the issuance of the bank money order are briefly as follows: John F. McNutt was indebted to the Texas bank and had delivered a note secured by a chattel mortgage to represent the indebtedness. The bank had turned over the note for collection to its attorneys and a suit had been filed. A third party defendant, Harvey L. Moore, presented to the Oklahoma bank a check with the request that the bank in exchange for the check issue its money order payable to the attorneys for the Texas bank. The check presented by Moore in payment for the bank money order was drawn on a bank in Meade, Kansas. The Oklahoma bank called the Meade bank to inquire whether or not the check would be paid and received the reply that it would. The Oklahoma bank then proceeded to issue the money order and gave it to Moore. The money order bore the notation that the remitter was Harvey L. Moore. It was delivered by McNutt to the attorneys for the Texas bank who thereupon endorsed and delivered it to an officer of the Texas bank, who in exchange delivered to McNutt his promissory note. On the same day the suit against McNutt was dismissed. Notations were made on the Texas bank records to show the note had been paid. On the day following, the bank at Meade, Kansas, advised the Oklahoma bank that the check drawn by Moore would not be

paid and on the same day the Oklahoma bank notified the attorneys for the Texas bank that payment had been stopped on the bank money order. This notice was followed by a formal notice of protest. When Moore presented the check in payment of the money order, he gave the agent for the Oklahoma bank one dollar in cash which was intended to cover the cost of a telephone call to the Meade bank. No other consideration was received by the Oklahoma bank for the issuance of the money order. The actual charge on the telephone call was thirty-five cents.

As indicated, the trial court made findings of fact and concluded that under the law of Oklahoma the payee of a bank money order is not a holder in due course and that the defense of failure of consideration could be asserted against it, and that the defense was complete.

It would serve no useful purpose to discuss the different views held in the various states under the negotiable instruments law as to whether the payee under these circumstances is a holder in due course. The courts of Oklahoma have held in several cases that the payee is not a holder in due course, and this would seem to provide sufficient answer to the argument here urged by the appellant.

The Supreme Court of Oklahoma in Mid-Central Towing Co. v. National Bank of Tulsa, 348 P.2d 327, had before it a case where a bank had stopped payment on a cashier's check. The suit was brought by the payee of the cashier's check who was in the position of a promissee. The court stated that the rights of a holder in due course without notice were not involved as the plaintiff was the payee of the cashier's check and as such could not be considered a holder in due course. The court in support of this statement cited First National Bank of Cushing v. Woods, 172 Okl. 645, 46 P.2d 565; First National Bank of Westville v. Russell, 128 Okl. 222, 262 P. 205; First National Bank of Poteau v. Allen, 88 Okl. 162, 212 P. 597. In the earlier case of Rice v. Jones, 102 Okl. 30, 225 P. 958, the Oklahoma Supreme Court con-

sidered the position of a payee of a promissory note who had direct dealings with the maker as a holder in due course and adhered to the earlier Oklahoma authorities to the effect that a payee could not be a holder in due course. In this decision the court considered the argument there advanced that under certain circumstances a payee could be a holder in due course and considered the authorities cited on that proposition. The court commented that these cases were excellently reasoned but held that the payee cannot be a holder in due course and cited First National Bank of Poteau v. Allen, 88 Okl. 162, 212 P. 597, which is probably the first Oklahoma case on this point, and was decided in 1923. The court also cited Strother v. Wilkinson, 90 Okl. 247, 216 P. 436. The court in Rice v. Jones, supra, in commenting on Strother v. Wilkinson, supra, pointed out that the court had previously considered the cases taking the contrary view but had decided to follow the rule announced in First National Bank of Poteau v. Allen, supra. In the Oklahoma cases referred to above, it is apparent that the Oklahoma court has considered but rejected arguments similar although not identical to those here advanced by the appellant to the effect that there are situations in which the payee should be considered a holder in due course. It has also commented on the authorities from jurisdictions where such an exception prevails. We believe that under the state of the authorities in Oklahoma, there has been no exception made and there has been no indication that the court is disposed to make an exception. Appellant urges that an exception should be made in circumstances which prevail in the case at bar where there is a remitter of the funds, and where the remitter's name is noted on the instrument, the situation should be treated as if the instrument had been made payable to the remitter and by him endorsed to the appellant bank. The text writers and a few cases have treated a payee as a holder in due course under circumstances where the payee has taken the instrument as a purchaser or where

there has been a remitter in the transaction. However as indicated above, the Oklahoma courts have made no exception and the opinions have made repeated comments that the payee is not and cannot be a holder in due course, although the precise question here presented has not been present in the cited Oklahoma cases. The law of Oklahoma as announced in these cases governs the transaction here involved, and the trial court followed such law and was correct in its conclusion. The other points advanced by appellant have been considered but we find no error. The case is therefore affirmed.