CITY OF EMPORIA V. N. WHITTLESEY, *et al.*

1. COSTS, IN EQUITY CASES; *Discretion of Court, in Taxing Costs.* In civil actions other than for the recovery of money only, and for the recovery of specific real or personal property, the district court may tax the costs to such parties to the action, and in such proportion, as in its discretion it may think right and equitable.

2. ———— On appeal to this court from the decision of the district court in the taxing of costs, where none of the testimony introduced in the court below is brought here, and the taxing of the costs was within the *discretion* of the trial court, this court cannot say that the court below abused its discretion.

*Error from Lyon District Court.*

THE only question here is as to the legality of an order made by the district court, at November Term 1876, taxing certain costs in an equity action to *The City of Emporia.* The city brings the case here. The opinion contains a sufficient statement of the facts.

*J. Jay Buck,* for plaintiff in error.

*P. B. Plumb,* and *Sterry & Sedgwick,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: On 12th January 1872, the defendants in error, plaintiffs below, commenced this action against the county clerk and treasurer of Lyon county, to perpetually enjoin the collection of certain taxes levied by the city of Emporia. At the time this action was commenced, and up to 15th August 1872, these taxes were illegal and void, and might properly have been enjoined; but on said August 15th, the city of Emporia relevied said taxes, and thereby made them legal and valid. On February 25th 1873, the plaintiffs below amended their petition, making the city of Emporia also a party defendant. All the defendants answered, and the plaintiffs replied. In November 1873 the case was tried, and judgment as prayed for was rendered in favor of the plaintiffs. This judgment was afterward reversed by the supreme court. (*City of Emporia v. Bates,* 16 Kas. 495, 498.) Afterward, and in November 1876, the case came on again for hearing in the district court. At this time judgment was rendered in favor of the defendants, except as to costs accruing prior to 15th August 1872; and with reference to these costs the court below made the following order, to-wit:

"That so much of the costs in this case as had accrued previous to said relevy of taxes on 15th August 1872, and amounting to $13.80, be taxed against said defendant, the city of Emporia; and hereof let execution issue."

The city of Emporia not desiring to pay this amount of costs, appealed to this court. These costs were taxable and taxed under section 591 of the code of civil procedure. This section reads as follows:

"In other actions, [than for the recovery of money only, or for the recovery of specific real or personal property,] the court may award and tax costs, and apportion the same between the parties, on the same or adverse sides, as in its *discretion* it may think right and equitable." (Gen. Stat. 747, sec. 591.)

None of the evidence introduced in the court below has been brought to this court. It will be seen from the fore-

going section that the taxing of costs in a case of this kind is in the *discretion* of the trial court; and we cannot say from the foregoing facts, and the record brought to this court, that the court below abused its discretion.

The judgment will be affirmed.

All the Justices concurring.