OLIVER MESKIMEN, et al., v. MOSES DAY.

1. DEED—Acknowledgment—Seal. Where a notary public takes the acknowledgment of a deed in this state, he should authenticate the same with his notarial seal.

2. DEED, When Entitled to Record. Before a deed acknowledged in this state is entitled to be recorded, it must be proved or acknowledged and certified as prescribed by the statute.

3. DEED, Without Notarial Seal; Record, not Received in Evidence. The record of a deed filed in the office of a register of deeds May 21, 1883, acknowledged before a notary public in this state, but not authenticated with his notarial seal, cannot be received in evidence under the provisions of § 12, ch. 87, Laws of 1870; § 387a, Code, Comp. Laws of 1879.

4. RECOVERY OF LAND; Judgment; Costs. In an action for the recovery of twenty-six acres of real property, in which judgment is rendered in favor of the plaintiff for two acres thereof, the plaintiff is entitled to recover all his costs.

*Error from Pottawatomie District Court.*

OLIVER MESKIMEN and *Mary Meskimen* brought their action against *Moses Day*, and alleged in their petition as follows:

"The said plaintiffs have a legal estate in and are entitled to the possession of the following real estate, situate in the county of Pottawatomie, state of Kansas, and described as follows, to wit: The northeast quarter of the southeast quarter of section thirty-three, in township seven, of range eleven east, containing forty acres of land; and that the defendant unlawfully keeps said plaintiffs out of the possession of the same.

"Wherefore, the plaintiffs pray judgment against the defendant for the possession of said premises, and for such other and further relief as they may be entitled to."

The defendant filed his answer, alleging as follows:

"Now comes the defendant, and for answer to the petition of the plaintiffs says, that the plaintiffs have not and had not at the commencement of the action, any legal or equitable estate in, nor are or were they or either of them entitled to the possession of the following bounded and described part of the real estate described in the petition in manner and form as therein set forth, to wit: Beginning at the northeast corner of the southeast quarter of section thirty-three, in township seven south, of range eleven east, and running thence west ten rods, thence south thirty-two rods, thence west seventy rods, thence south forty-eight rods, thence east eighty rods, and thence north eighty rods to the place of beginning, containing twenty-six acres of land, more or less, all in Pottawatomie county, state of Kansas; that the defendant is and was the legal and equitable owner in fee simple of all the real estate above described, and in the possession and entitled to the possession thereof, and that he disclaims all right, title and interest in or to the residue of the real estate described in the petition, and did not and does not keep the plaintiffs out of the possession of the same."

Trial at the April Term, 1884. Judgment for plaintiffs for two acres of the land, and that the defendant is entitled to twenty-four acres. The court ordered that each party pay

the costs by him or them made, respectively. The plaintiffs excepted, and bring the case here.

*M. S. Beal, Jno. T. Morton,* and *Case & Curtis,* for plaintiffs in error.

*R. S. Hick,* and *D. V. Sprague,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of eject-ment, brought by Oliver and Mary Meskimen against Moses Day, to recover forty acres of land. The defendant answered, claiming to be the legal owner of twenty-six of the forty acres, and disclaiming all title to or interest in the residue. Trial by the court, without a jury. The court rendered judgment that the plaintiffs recover two acres of the land in controversy, and decided that the other twenty-four acres belonged to the defendant. Each party was adjudged to pay its own costs. Upon the trial, the plaintiffs proved to the court that a deed, alleged to have been executed by one Wab-se-qua, a Pottawat-omie Indian woman, on September 22, 1877, to Mary Mes-kimen, one of the plaintiffs, and delivered to Oliver Meskimen, the husband of Mary Meskimen, was, after the same had been filed for record in the office of the register of deeds of Potta-watomie county, lost, and that it was not then in the possession or under the control of either of the plaintiffs, and could not be found, although diligent search had been made therefor. Thereupon, the plaintiffs offered in evidence the record of said deed from the office of the register of deeds of said county. The deed purported to have been acknowledged before one F. W. Kroenke, as notary public, but the certificate of ac-knowledgment was not authenticated with his official seal, or with any seal. The defendant objected to the record being read in evidence, on account of the omission of the seal. This ruling is complained of. Sec. 5, chapter 71, Comp. Laws of 1879, reads:

"Every notary shall provide a notarial seal, containing his name and place of residence, and he shall authenticate all his official acts, attestations and instruments therewith."

Sec. 15, of chapter 22, Comp. Laws of 1879, reads:

"The certificate of proof or acknowledgment as aforesaid, may be given under seal, or otherwise, according to the mode by which the courts or officers granting the same usually authenticate their official acts."

Chapter 22, Comp. Laws of 1879, regulating the conveyances of real estate, provides that such conveyances may be acknowledged before a notary public; and § 19 of that act reads:

"Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, proved or acknowledged, and certified in the manner hereinbefore prescribed, may be recorded in the office of the register of deeds of the county in which such real estate is situated."

Sec. 387a of the code, Comp. Laws of 1879, provides that the books and records required by law to be kept by any register of deeds may be received in evidence in any court, and when any such record is of a paper or instrument authorized to be recorded, and the original thereof is not in the possession or under the control of the party desiring to use the same, such record shall have the same effect as the original. (Laws of 1870, ch. 87, § 12.) The question therefore arises, whether the certificate of acknowledgment of the notary public was sufficient under the statute, without attaching his notarial seal thereto. We think not. As the deed was not properly authenticated, it was not entitled to be recorded. As it was not entitled to be recorded, the record thereof was not competent evidence. The lost deed purported to have been executed September 22, 1877, but it was not filed for record until May 21, 1883; therefore, § 28, chapter 22, Comp. Laws of 1879, does not apply, because that statute took effect October 31, 1868. Neither has § 27, of said chapter 22, any application, and the decision of *Williams v. Hill*, 16 Kas. 23, to which we are referred, has reference only to copies of deeds which have been properly recorded. Since the decision in *Simpson v. Mundee*, 3 Kas. 172, the statute regulating the conveyances of real estate has been materially changed. (Comp. Laws of 1862,

4 — 35 KAS.

ch. 41, § 13; Comp. Laws of 1879, ch. 22, § 19; *Wickersham v. Chicago Zinc Co.*, 18 Kas. 481; *Wilkins v. Moore*, 20 id. 538.) After the rejection of the record from the office of the register of deeds, the plaintiffs offered and were allowed to prove the contents of the lost deed. In this way, the court became possessed of all its terms and conditions, and therefore we do not perceive that the ruling of the court rejecting the record of the deed was very material in the case.

The only remaining question is that of costs. These the court divided. In such cases as this, costs follow the judgment, and plaintiffs were entitled to recover all their costs. The ruling of the trial court in this respect was erroneous. Sec. 589 of the code reads:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed, of course, to the plaintiff upon a judgment in his favor in actions for the recovery of money only, or for the recovery of specific real or personal property." (*City of Emporia v. Whittlesey*, 20 Kas. 17; *Smith v. Woodleaf*, 21 id. 717.)

If the defendant had disclaimed as to all of the land in controversy, excepting the twenty-four acres adjudged to belong to him, of course he would have been entitled to recover costs. (Code, § 590.)

The judgment below will be affirmed, excepting that the costs must be retaxed in accordance with the views herein expressed.

All the Justices concurring.