## J. M. HOARD, JR., CO. v. GRAND RAPIDS SHOWCASE CO.

No. 8702—Opinion Filed April 9, 1918.

Rehearing Denied July 16, 1918.

Second Petition for Rehearing Denied Jan. 7, 1919.

(173 Pac. 844.)

1. **Evidence—Parol Evidence—Written Contract—Separate Parol Evidence.**

Parol evidence is not admissible to vary the terms of a written contract, but parol evidence may be introduced to prove a separate parol agreement constituting a condition precedent to the taking effect of a written contract.

2. **Depositions—Notice—Admissibility.**

Depositions taken upon notice prescribed in section 5079, Rev. Laws 1910, are admissible in evidence whether taken within or without the state.

(Syllabus by Rummons, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by the Grand Rapids Showcase Company against the J. M. Hoard, Jr., Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for a new trial.

H. A. Ledbetter, for plaintiff in error.

Johnson & McGill, for defendant in error.

Opinion by RUMMONS, C. This action was commenced by the defendant in error, hereinafter styled the plaintiff, against the plaintiff in error, hereinafter styled the defendant, to recover upon a written contract entered into by plaintiff and defendant for the sale by plaintiff to defendant of a set of store fixtures. The defendant answered, admitting that it signed said contract, but that the same was not signed by it as an executed contract but was subject to the approval of the plaintiff at its home office in Grand Rapids, Mich.; that said contract was signed upon the express oral condition that the plaintiff make good to the defendant certain other fixtures theretofore sold by plaintiff to defendant either by replacing said fixtures or by returning to defendant the purchase price thereof; that the defendant would not have signed said contract except for the oral promise of the agent of plaintiff to make good said fixtures, and that the representation of said agent was the sole inducement and cause of the execution of said contract; that the plaintiff had failed and refused to repair said fixtures or to return to defendant the purchase price thereof; that by reason of the breach by plaintiff of this oral agreement said written contract never became effective, and the defendant exercised its right to cancel said contract, which was done by letter of date June 30, 1914, before the time fixed for the performance of said contract. At the conclusion of the trial the court directed a verdict for the plaintiff. The defendant's motion for a new trial having been overruled, judgment was rendered for plaintiff upon the verdict, to reverse which the defendant prosecutes this proceeding in error.

At the trial the defendant offered to show that the written contract was signed by the defendant upon the express condition that the defendant had the right to cancel the same at any time before the shipping date. The defendant further offered to show that the agent of the plaintiff taking the order represented and promised as a condition of the signing by defendant of said contract that the plaintiff would make good certain other fixtures theretofore sold by plaintiff to defendants, either by repairing the same or by returning to defendant the purchase price thereof. The plaintiff objected to the offer of this testimony on the ground that it was an attempt to vary by parol the terms of a written contract. The objection was sustained by the court to which the defendant excepted.

In the case of Humphrey v. Timken Carriage Co., 12 Okla. 413, 75 Pac. 528, the territorial Supreme Court says:

"Oral testimony is not competent to change or vary the terms of a written instrument, but may be introduced to show that by an agreement of the parties at the time of its execution such instrument was executed by one and accepted by the other of the parties thereto, for a purpose wholly different from that alleged in the petition."

In Adams v. Thurmond, 48 Okla. 189, 149 Pac. 1141, this court says:

"Parol evidence is not admissible to vary

the terms of a written contract, but the rule is equally well settled that parol evidence may be given to prove a separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument."

In Gamble v. Riley, 39 Okla. 363, 135 Pac. 390, the court says:

"It is elementary that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument. But the rule is almost equally well settled that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument; this is, not to vary the terms of a written instrument, but to prove that no contract was ever made; that its obligation never commenced."

Under the rule laid down by these cases was the evidence offered by the defendant competent? The contract itself contained this provision:

"It is expressly agreed that this order shall not be countermanded; this order is not modified or varied by any agreement not stated herein."

It is therefore apparent that the offer of defendant to prove that the contract was executed upon the express condition that it might be canceled by defendant at any time before the date of the shipment was in direct conflict with the express terms of the contract, and we are of the opinion that the trial court did not err in excluding defendant's offer of such testimony.

The offer of defendant to show that the contract was signed upon the express condition that the plaintiff was to make good certain other fixtures presents more difficulty. It is urged by defendant that he offered to show that the making good of the fixtures theretofore sold defendant by plaintiff was a condition precedent to the taking effect of the contract signed by defendant. From the cases herein quoted this court seems to be committed to the rule that parol agreements as to conditions precedent to the taking effect of a written contract may be shown in actions to enforce such written contracts, and that the admission of such evidence is not in conflict with the rule that a written instrument cannot be varied by parol. Under this rule we think the defendant should have been permitted to show any parol agreement entered into which affected the taking effect of the written contract. If the agent of the plaintiff taking the order entered into a parol agreement that the order should not be effective unless the plaintiff made good other articles previously sold, and this condition was not complied with by the plaintiff, then the minds of the parties never met upon the subject sought to be agreed upon, and no contract was entered into. We think, therefore, the trial court erred in excluding the proffered testimony.

One other assignment of error only need be considered in the disposal of this case. The defendant moved to suppress certain depositions taken by the plaintiff upon the ground that the same were not taken by commission issued by a court of record. The depositions were taken upon notice duly served, in Grand Rapids, Mich. The trial court overruled this motion, and this ruling is assigned as error. Counsel for defendant has cited us no authority in support of his contention, and we are convinced that the contention is without merit. Section 5076, Rev. Laws 1910, names the officers before whom a deposition may be taken out of the state, and after enumerating them says "or any person authorized by a special commission from this state." Section 5076, Rev. Laws 1910, provides for the issuing by any court of record of a commission to take depositions within or without the state. Section 5079 provides for the notice of the taking of depositions unless taken upon a special commission. Section 5079, as to notice to take depositions, makes no exception as to whether the depositions be taken within or without the state, and we are convinced that there is no distinction in the method for taking depositions, whether taken within or without the state.

The judgment of the court below should be reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.