### HILL et al. v. TILLMAN COUNTY BANK.

No. 15357—Opinion Filed Feb. 9, 1926.

Rehearing Denied April 20, 1926.

**1. Principal and Agent—Agency by Ratification.**

Ratification is the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another, who, at the time, assumed to act or make the contract, without authority to do so. 2 C. J. 467.

**2. Same—Deliberate Ratification.**

While the principal must have full knowledge at the time of the ratification of all material facts and circumstances relative to the unauthorized act or transaction. he may deliberately assume the risk and ratify the act without making inquiry for further information than he, at the time, possesses.

**3. Same—Judgment Sustained.**

The record supports the judgment on! the ground of ratification.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by N. S. Hill et al. against the Tillman County Bank. Judgment for defendant, and plaintiffs bring error. Affirmed.

Nat Harris and W. M. Howenstein, for plaintiffs in error.

Wilson & Roe, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. N. S. Hill, B. H. Hill and W. C. Torbett, partners, contracted to drill an oil well for Damon Petroleum Company and J. N. Damon. Pursuant to the contract, Damon deposited $10,-000 with defendant bank to guarantee payment for the drilling and to be paid by the bank to the partners on completion of the well. It is admitted that Torbett was in charge of the drilling for the partners and had power to borrow money for such business. Pending the drilling, and before the partners were entitled to all of said deposit, defendant loaned to Torbett $2,000 on the promissory note of Torbett, signed also by the said Damon. Defendant paid to the partners $8,000 of said deposit, and charged the balance, $2,000, with said Torbett note. This action is by the Hills against the bank for the balance of $2,000, alleging that the interest of Torbett in said deposit had been assigned orally. to the plaintiffs. From a judgment for defendant, plaintiffs appeal.

The court instructed that, if said Torbett had borrowed said $2,000 from defendant with the understanding that same should be repaid out of said deposit, and plaintiffs with full knowledge of all the facts ratified and approved such arrangement and made no objections thereto until a long time thereafter, then the verdict should be for the defendant. The officer of defendant bank, who made the loan to Torbett, testified that the latter stated at the time he made the note to defendant, that his note would be paid out of said deposit as soon as same became due the Hills and Torbett, partners, by charging the Torbett note against the said account; that N. S. Hill, one of the plaintiffs, came to the bank to procure an additional loan for the completion of the well, after said loan to said Torbett, and in the conversation stated, in substance, that the partnership already owed the bank $2,000. Another employe of the bank testified that the interest on the Torbett note was paid to the bank four times by check on the partnership account; that he told one of the Hills on the day the Torbett note was paid by charging same against said deposit that he had done so, and exhibited to Mr. Hill the ledger sheet, showing the disposition of the entire $10,-000, including the charge for the Torbett note; that other parties had garnisheed the bank, seeking to recover said deposit; that this officer of the bank told Hill and Torbett that he had learned of such intended garnishment the day before same was served, and on that date had charged the Torbett note against said deposit; that Hill said he was glad it had been done and that it was perfectly all right.

1. It inheres in the verdict that plaintiffs ratified the payment of the Torbett note out of the deposit. Ratification is the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another, who, at the time, assumed to act or make the contract, without authority to do so. 2 C. J. 467. While there was a conflict in the evidence on this question, the foregoing, together with other evidence and circumstances not here related, constitutes sufficient evidence to support the verdict and judgment based thereon, under the well-known rule in this behalf.

2. It is well settled, of course, that the principal must have full knowledge at the time of the ratification of all material facts and circumstances relative to the unauthorized act or transaction. The defendant also pleaded and introduced evidence tending to show that the Torbett loan was, in fact, made for the benefit and on behalf of said partnership. We deem it unnecessary to examine this phase of the case. If plaintiffs did not have full knowledge, the jury was warranted in finding that they deliberately ratified the payment of the Torbett note out of said deposit, without making inquiry for further information than they, at the time, possessed. It is well settled that in such case a principal may deliberately ratify upon such knowledge as he possesses, without caring for more. 2 C. J. 481, and notes. It is unnecessary to discuss the other assignments.

We find no error in the giving of the instruction referred to above, or in refusal of the court to give requested instructions of plaintiffs, or otherwise. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 467 §

77: anno. · 6 L. R. A. (N. S.) 311; 52 L. R. A. (N. S.) 571; 21 R. C. L. p. 927: 3 R. C. L. Supp. p. 1203; 4 R. C. L. Supp. p. 1439. (2) 2 C. J. p. 481 §98; 21 R. C. L. p. 928: 3 R. C. L. Supp. p. 1204; 4 R. C. L. Supp. 1439.