## NATIONAL BUILDERS BUREAU v. CHICKASAW LBR. CO.

No. 17757. Opinion Filed Jan. 17, 1928.

Rehearing Denied March 13, 1928.

(Syllabus.)

1. **Evidence—Parol Evidence to Show Complete Contract Partially Reduced to Writing.**

Where an oral contract is partially reduced to writing and the writing evidencing it is not a complete and final statement of the entire transaction, parol evidence not inconsistent with such written contract is admissible to show the full agreement.

2. **Principal and Agent—Ratification of Agent's Unauthorized Act.**

A principal may ratify the act of one who is his agent for certain purposes, but who in the particular transaction acted outside the scope of his authority, and the act becomes as effectual as to the principal as though it had been previously authorized.

3. **Appeal and Error—Verdict in Law Action Supported by Evidence not Disturbed.**

In a law action, where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by National Builders Bureau against the Chickasaw Lumber Company on promissory note; cross-petition by defendant. Judgment for defendant, and plaintiff brings error. Affirmed.

Slough & Gibson, for plaintiff in error.

Johnson, McGill & Johnson, for defendant in error.

RILEY, J. Plaintiff in error, as plaintiff below, commenced this action to recover on a promissory note in the sum of $350. The defendant admitted execution and delivery of the note, but defended on the grounds of a rescission of the contract upon which the note was based and maintained that defendant was entitled to rescind the contract for plaintiff had failed to furnish supplies within a reasonable time provided for in the contract, and that plaintiff had failed to fulfill a part of the contract (in parol) wherein plaintiff agreed to furnish a person to acquaint defendant with the service considered in the contract.

Defendant by cross-petition sought judgment for $350, cash paid, and cancellation of a note similar and in the amount of $350, or, in the alternative, in case it developed that note had been negotiated, judgment in the additional amount of that note. The judgment of the court below, based upon the jury's verdict, was for defendant in the sum of $700, with interest.

To restate the circumstances: On March 25, 1923, plaintiff, through J. E. Hackett, its district manager, entered into negotiations with the defendant corporation, represented by C. L. Byrne, its president.

The following document, omitting immaterial portions, was then signed:

"National Builders Bureau,
        "Incorporated

"Headquarters 201-322 Columbia Building,
        "Spokane, Washington.

            "Receipted Form

"Ardmore       Oklahoma       3-25-23
Town           State          Date

"Received    of    Chickasaw Lumber Company 1 due 3-25-24 three hundred and fifty and 2 notes 350 1 due 2-25-25 dollars payment in full for 3 years' service, during which time we agree to furnish for exclusive use at Oklahoma City, Oklahoma, Ardmore, Okla., and the trade territory adjacent thereto (use of the service at any point not designated above forfeits further use of the service) the following equipment and sales aids:

"1 loose-leaf binder, size of page 9X12, containing 423 different designs, written descriptions of each, printed picture of exterior and floor plan of: (rescription of 423 designs or house plans).

"1 loose-leaf binder containing detailed itemized lists of material for every design in the above plan book, as follows: * * *

"I prepaid subscription to monthly magazine, 'Helping 'em Build', during the term of this service.

"4 copies sample contract forms for use where material is guaranteed to build the building.

"1 tailor-made homes and cover. Free multigraphing service.

"1 course adv. and Salesmanship.

"4 designs monthly and cover and lists, material advertising cuts (stick).

"50 mounted photographs.

"50 buy better builders.

"Display for Okla. City Local Bldg. and Loan Assn. 1 M. H.

"30 mounted photos.

"20 buy better builders.

"Cuts for newspapers, showing elevations and floor plans of numbers: (54 plans. * * *)

"Plans and specifications for any stock design published by the National Builders Bureau for $5 per set. Plans for tailor-made homes are all drawn upon request. * * *

"Assistance in preparing local advertising, circulars, circular letters, signboard copy, illustrations, etc., upon request.

"All inquiries received from the territory mentioned as a result of advertisements appearing in various magazines and from papers of general circulation will be referred to and promoted in behalf of the representative.

"All orders subject to approval at the home office.

        "National Builders Bureau,
        "By J. E. Hackett, District Manager.

"Ardmore       Oklahoma       3-25-23
    "Town       State Date March 26, 1923.

"It is understood by the undersigned that the plan book and material list mentioned herein are loaned to us only, and it is agreed that they will be returned to the National Builders Bureau at the date of expiration, provided purchase for further time is not made.

        "Chickasaw Lumber Company,
        "By C. L. Byrne, President."

The two notes mentioned were executed and delivered. The $350 in cash was delivered. It appears from testimony introduced in the court below that the district manager of plaintiff agreed with defendant that he would come to Ardmore and spend sufficient time installing the service to make it known to the employees of defendant and the buying public.

It is observed as part of the "receipted form" heretofore set out that plaintiff was

to furnish a course in advertising and salesmanship and upon request it provided for assistance in preparing local advertising, illustrations, etc. It does not appear from the instrument whether such course and assistance is to be given by pamphlet or personally, by representatives, nor the manner nor time such request is to be made.

On June 19, 1923, defendant wrote plaintiff stating that the equipment had not been entirely furnished and that the district manager had not returned to install the service, either at Oklahoma City or Ardmore, and that three months had elapsed. The plaintiff answered that Mr. Hackett could not return, but that another representative would call as soon as possible to present the service purchased to the public, and further calling attention to the specialists at the disposal of defendant.

Thereafter plaintiff wrote defendant again advising that all the equipment had been shipped and that the material for the Oklahoma City office had been shipped to Ardmore.

On July 28, 1923, the defendant wrote plaintiff denying that a full shipment had been made and requested plaintiff to fulfill its contract, and made mention of the agreement of the district manager or other representative to personally open up the service. On August 4th, in reply, the plaintiff wrote defendant that a complete set of equipment had now gone forward to Oklahoma City; that the difficulty had arisen through a misunderstanding in the office of plaintiff and that their new district manager would arrange an itinerary whereby he could introduce the service to the public, and "that the matter of extension of new notes to take up the old ones would be taken up as soon as the time of the visit of the new district manager could be determined definitely."

The testimony established that the new district manager did go to Ardmore, only to remain a short time and did not introduce the service. He did not go to the Oklahoma City office. On June 12, 1924, the defendant returned to the plaintiff all of its equipment and announced its intention to rescind the contract and requested a return of its notes, all of which acts were based upon failure of plaintiff to carry out the terms of its contract. When the new district manager was in Ardmore, he agreed that the original notes would be returned and new notes executed due in August instead of March on account of the delay in securing the service and in accord with the mention of the matter in the letter of August 4, 1923.

For reversal, the plaintiff contends that the original order constituted the complete contract and consequently parol evidence was not properly admissible to vary the terms thereof.

It is apparent that the court below considered the written instrument as a receipt or order and considered that it did not contain the entire agreement. The oral agreement to install the service is not inconsistent with the written instrument. The course in salesmanship and advertising contained in the order might be either by correspondence or by personal service. There is ambiguity in the contract. It is not complete within itself. It follows that parol evidence is admissible to prove the full agreement. Rawlings v. Ufer, 61 Okla. 299, 161 Pac. 183; J. I. Case Threshing Machine Co. v. Mosley, 70 Okla. 92, 173 Pac. 211; Holmes v. Evans, 29 Okla. 373, 118 Pac. 144.

"Where an oral contract is partially reduced to writing and the writing evidencing it is not a complete and final statement of the entire transaction, parol evidence not inconsistent with such written contract is admissible to show the full agreement." (Rawlings v. Ufer, supra).

The defendant contends that the district manager representing plaintiff entered into an oral agreement with it whereby plaintiff agreed to furnish a representative in person to introduce the service; that this agreement was a condition precedent to making the contract, and that as such parol evidence was admissible to show such agreement under the following authorities: J. M. Hoard, Jr., Co. v. Grand Rapids Show Case Co., 74 Okla. 111, 173 Pac. 844; Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 Pac. 765; 10 R. C. L. 1059.

We have followed the view that parol evidence was admissible under the rule in Rawlings v. Ufer, supra. Since evidence concerning the contract in parol has been held by us to have been properly admitted by the trial court under that case, it is unnecessary to the decision of the matter at hand to consider whether such evidence was likewise admissible under the Hoard-Grand Rapids Case, and we decline to go further.

The plaintiff says its district manager in taking the orders will be presumed to have exceeded his authority when he entered into an oral agreement; citing Williston on Sales. vol. 1, p. 8, and Mechem on Agency, sec. 861, p. 613.

However, the evidence in this case disclosed that plaintiff ratified the oral agreement relative to furnishing a representative

in person and treated such oral agreement as a part of the contract, so then, even if the salesman's oral negotiations were unauthorized, they became a part of the contract by ratification, through letters of plaintiff. Wherry v. Luckey, 99 Okla. 239, 226 Pac. 588; Hill v. Tillman County Bank, 117 Okla. 210, 245 Pac. 628; Carlson v. Stone-Ordean-Wells Co. (Mont.) 107 Pac. 419.

It is next contended that there was a substantial compliance with the contract and, therefore, the abandonment of the same was not justified and that partial failure of performance may be fully compensated in damages, according to the view expressed in Putnam City Co. v. Minnetonka Lumber Co., 95 Okla. 149, 218 Pac. 1061; 13 C. J. 62; Black on Rescission of Contracts, and Mechem on Sales, p. 1186.

This contention is based largely upon the theory that the verbal agreement made by the district manager was not part of the contract. At any rate, this matter was submitted to the jury, and by its verdict we must conclude that there was not substantial compliance with the whole contract.

The next contention is that if defendant ever had a right to rescind, it did not comply with the condition precedent in that it did not act promptly under section 5079, C. O. S. 1921.

But herein we find the defendant indicated it was willing to rescind the contract from time to time, but the plaintiff each time promised to make everything satisfactory and fulfill the conditions of the contract. Finally defendant, because of delay and nonperformance of the conditions of the contract on the part of plaintiff, rescinded and returned the goods received. Because of plaintiff's unfulfilled promises occasioning the delay, it should not be permitted to complain, especially so on appeal, when the matter of rescission and the performance of the conditions precedent have been settled by the verdict of the jury.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.