## WICHITA FLOUR MILLS CO. v. GUYMON EQUITY EXCHANGE.

No. 20157.    Opinion Filed July 14, 1931.

246

R. L. Howsley and G. A. Wisdom, for plaintiff in error.

Rizley & Loofbourrow and Magee & Sturdevant, for defendant in error.

HEFNER, J. This is an action brought in the district court of Texas county by the Wichita Flour Mills Company against the Guymon Equity Exchange, to recover damages for the breach of a written contract for the purchase of a quantity of flour.

Plaintiff alleges that, on the 14th day of April, 1920, defendant entered into a written contract with it, whereby it purchased 315 barrels of flour at an agreed price of $13.20 a barrel. That under the terms of the contract shipment was to be made within 30 days; that subsequent to the execution thereof, and at the request of defendant, the date of shipment was extended by a letter to that effect written to defendant; that thereafter like extensions were granted at defendant's request until January 1, 1921, when defendant notified it that it would refuse to accept the flour.

Defendant, in its answer, alleged a contemporaneous oral agreement between it and plaintiff's salesman, whereby it was agreed that neither the time of delivery specified in the contract, nor the price of the flour as therein set forth should govern, but that it might order the flour shipped as needed, and that the same should be shipped at the then prevailing market price; that the contract is null and void for the reason that it has never been modified in accordance with this oral agreement.

Plaintiff demurred to the answer on the ground that it failed to state a defense to its cause of action. The demurrer was overruled. The cause then went to trial before a jury, and resulted in a verdict in favor of defendant.

Plaintiff first contends that the court erred in admitting evidence tending to prove a parol contemporaneous agreement that the flour was to be shipped as needed by defendant and at the then prevailing market price instead of the price designated by the contract, for the reason that the evidence tended to contradict and vary the terms of the written contract, and for the further reason that a written contract could not be changed or modified by a subsequent unexecuted oral contract.

The evidence offered on behalf of plaintiff discloses that at the time the order was received by plaintiff, it also received a letter from its salesman stating that defendant had advised him that it had considerable flour on hand, and that it might not need the flour at the time designated for shipment in the contract, and that it might desire an extension as to the date of shipment. Upon receipt of this order and letter, plaintiff advised defendant that it had accepted the order and would be glad to grant it an extension if it so desired. Thereafter, defendant wrote plaintiff requesting a further extension, which was granted. The date of shipment was thereafter in like manner extended from time to time until the 3rd of January, 1921, when defendant advised plaintiff that it would refuse to accept the flour.

Defendant at no time objected to the change of the original shipping date as provided by the contract, but specifically requested extension, and in its letters acknowledged the extension and acknowledged itself bound by the terms of the contract, as may be seen by reference to its letter of September 6, 1926, where it said:

"We are positively trying our very best to live up to our contract, and will do so if given a gambler's chance, for we are proud of the flour account with you people and the only regret we have is the present status of affairs.

"We wish to reassure you that these are the unpolished facts in the case, and we are buying five and six sacks of flour at the time in order to keep going until we can do better. Should this flour advance, we would certainly have held you to the contract, and we do not feel that it would be right to turn you down now that it has declined. To be honest about it, we think we will see much higher flour than the price at which this was bot."

This evidence conclusively shows that the change in the contract of date of shipment was made by mutual agreement of the parties and made in writing as provided by section 5081, C. O. S. 1921, which is as follows:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

The defendant contends that the written instrument signed by defendant could not become a contract until confirmed by the milling company, and that the letter of confirmation refers to extringent matter which showed that the written instrument did not incorporate the entire contract, and that parol evidence was competent to prove such extringent matter and conditions. It is true that the instrument signed by the defendant could not become a contract until confirmed by the milling company, and that the letter

of confirmation referred to an extension of payments which was not in the original contract. It is contended that at the time the order for the flour was given, there was a contemporaneous oral agreement with the agent of the plaintiff to the effect that the defendant could have an extension of time as to the date of the shipment of the flour, and that when the flour was shipped, the price to be paid therefor would be the market price at date of shipment. The agent did communicate to the principal the portion of the oral agreement as to the extension of time for shipment of the flour. There is nothing in the record to show that the other portion of the alleged parol agreement contended for by the defendant was communicated to the plaintiff. Let us assume, however, that all of the parol agreement as contended for by the defendant was actually entered into by the agent who sold the flour to the defendant, and that it was communicated to the principal at Wichita. In its letter of acceptance the plaintiff did agree to the extension as to the date of shipment, but there was nothing said about the rest of the parol agreement to the effect that, when the flour was shipped, it should be paid for at the market price as of the date of shipment and not the contract price. Under these conditions, the defendant was not bound to accept the contract to purchase because the letter of acceptance did not agree to all of the alleged oral contract. Since it did not do so, the defendant could then have refused to be bound by the contract because the parol agreement had not been complied with. The defendant, however, did not refuse to be bound by the contract as accepted by the plaintiff, but, on the contrary, acquiesced therein, for in its letter of September 6th, supra, it stated that if the flour had advanced in price, it certainly would have held the plaintiff to the contract price, and that it would not be right on its part to refuse performance because the contract price had declined.

Since the contract of purchase made by the agent of plaintiff with the defendant had to be confirmed by plaintiff, it was no more than an offer on its part to buy the flour on certain terms and conditions. When defendant received the letter of confirmation from plaintiff, it could have, as stated above, refused to be bound by the offer to purchase on the theory that the contract did not provide that when the flour was shipped it was to be paid for at the market price at the time of shipment. It, however, did not do this, but, on the contrary, accepted the terms of the written contract as is clearly shown by its letter of September 6, 1926, supra. When it acquiesced in the purchase of the flour on the terms indicated in the letter of confirmation, it became bound by the written contract, and thereby waived the benefits of any contemporaneous oral agreement. In other words, the contract became an executed written one, and superseded all the oral negotiations concerning its terms which preceded or accompanied its execution.

Under these facts, was the parol evidence of the contemporaneous agreement admissible? In the case of J. B. Colt Co. v. Thompson, 114 Okla. 61, 242 Pac. 1030, this court announced the following rule:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact in its procurement; and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

In that case, as here, it was sought to introduce a contemporaneous parol agreement of plaintiff for the purpose of defeating the contract. This court held the evidence was not admissible.

In the case of Walker v. Johnson, 102 Okla. 9, 227 Pac. 113, this court said:

"Section 5081, Comp. Stat. 1921, which provides: 'A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise,' not only prevents the alteration of a written contract, as to some of its terms by an unexecuted parol contract, but also prevents an alteration of the contract as to all of its terms, so as to amount to a substitution of a new contract for the written contract, unless such new contract is in writing, or is an executed oral contract."

See, also, Smith v. Dunbar Co., 125 Okla. 215, 257 Pac. 282; Colt Co. v. Florence, 128 Okla. 14, 261 Pac. 142; Hollister v. Nat. Cash Register Co., 55 Okla. 214, 154 Pac. 1157.

Again, in the case of First State Bank of Hartshorne v. Southwest Nat. Bank of Oklahoma City, 127 Okla. 10, 257 Pac. 382, this court said:

"A part of an oral agreement which is reduced to writing, but which has the appearance of an entire and complete contract within itself, is not subject to variation or modification by parol testimony, or subject to modification by an executory oral agreement, unless the substance of the oral agreement is in writing and acquiesced in by the parties sought to be charged in the performance of the conditions involved in the contract.

"But, if the oral agreement is reduced to writing in the manner aforesaid. it will be deemed to relate back to the date of the written contract, and will be treated as a contemporaneous written agreement."

This case also answers the contention of counsel that the evidence was admissible for the reason that the entire contract was not reduced to writing. In order that parol evidence may be admissible under this. theory, it must appear from the instrument that it is incomplete, and the evidence offered to supply the omission must not tend to vary or contradict the written portion of the contract.

In the case of Stone v. Spencer, 79 Okla. 85, 191 Pac. 197, it is said:

"When the writing does not purport to disclose the complete contract, or if, when read in the light of attendant facts and circumstances, it is apparent that it contains only a part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was: but such parol evidence must not be inconsistent with or repugnant to the intention of the parties as shown by the written instrument."

See, also, Britton v. Johnson-McQuity Motor Co., 120 Okla. 221, 251 Pac. 74; Nat. Builders Bureau v. Chickasaw Lbr. Co., 130 Okla. 30, 264 Pac. 907.

The contract in question appears to be complete on its face, and it is not sought by the evidence admitted to supply an omission. The evidence admitted not only contradicted the express terms of the original contract, but also contradicted the letters which constituted the written evidence of the modified agreement. The evidence was therefore not admissible on the theory that the written contract was incomplete. The alleged oral agreement, not having been executed, could not supersede the original contract as modified. The question of conditional delivery discussed by counsel does not properly arise in the case, because there is no evidence which shows that any condition precedent was to be performed.

Defendants further contend that, even though this court should hold that the evidence objected to was improperly admitted, nevertheless, the judgment should be affirmed for the reason that plaintiff has failed to prove damages; that its measure of damages in the event of recovery would be the difference between the contract price and the market value of the flour at Guymon. Okla. Mr. Lowry, a witness in its behalf, testified as follows:

"Q. Do you know what the market value of Kansas Expansion Flour was on April 4, 1921, on the basis freight allowed to Guymon, Okla., and on the basis of being packed in 48-pound cotton sacks? A. I do. Q. And what was the market value on that date on that basis? A. $8.20 per barrel."

We think this evidence is sufficient to establish the market price of the flour at Guymon, Okla.

Other errors are assigned, but we need not discuss them, as in all probability they will not arise on a retrial.

Judgment is reversed and cause remanded for a new trial.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.