### EALES v. MORRIS.

No. 23446.     Oct. 16, 1934.

Rehearing Denied Nov. 13, 1934.

Application for Leave to File Second Petition for Rehearing Denied Jan. 8, 1935.

H. A. Johnson, for plaintiff in error.

Cress & Tebbe, for defendant in error.

PER CURIAM. This cause originated in a justice court of Noble county resulting in a judgment for the defendant, and plaintiff appealed to the district court, where the same was tried to the court with the same result. Parties will be referred to here as they appeared in the lower court.

The action is one for rent allegedly due upon a written contract of lease, seeking recovery of $80 rent for four months at $20 per month. The defendant, while denying generally the allegations of the bill of particulars, admitted the execution of the contract, but alleged among other defenses that the lease contract through mutual mistake of the parties did not correctly represent the agreement between them, in that

the lease failed to state that plaintiff was leasing the defendant a furnished house, and that, early in the morning on the day following the execution of the contract about ten o'clock the night before, the plaintiff removed most of the furniture from the premises, thereby breaching the contract.

There appears to be no conflict in the testimony as to negotiations preceding the execution of the contract, both parties testifying that the lease contract was to be for four months' rental at a price of $15 per month, unfurnished, or $20 per month furnished. The lease sued on contained no provision as to whether the premises leased were to be furnished or unfurnished, but did provide for a rental price of $20 per month. The plaintiff caused the form of lease to be prepared, and in his testimony accounted for the omission by stating that when it was drafted he was not advised if the defendant would take the premises furnished or unfurnished.

The defendant occupied the premises for two weeks, at the end of which time she sent the plaintiff a check for $15.57, $10 of said sum being tendered in full payment of all rent due under the contract and the balance in payment for some chickens purchased from plaintiff. The plaintiff refused to accept the money, returned the check, and demanded the sum of $80 for rent due under the contract, after which he made no effort to rent the house and let it stand vacant. Upon trial the court found defendant indebted to the plaintiff in the sum of $15.57 in full of all the claims of the plaintiff, the sum tendered and refused by plaintiff, and adjudged that plaintiff recover the sum of $15.57, discharged the garnishment issued at commencement of suit, and taxed all costs to the plaintiff. The amount of the judgment was paid by the defendant to the court clerk on the same day the judgment was rendered.

1. Plaintiff first contends that the court erred in permitting any testimony whatsoever to be introduced concerning any negotiations leading up to, or any of the facts surrounding the execution of the contract as being in violation of the rule that parol evidence may not be introduced to vary, contradict or change the terms of a written agreement. Section 5035, C. O. S. 1921; sec. 9456, O. S. 1931. The rule is not without exception. The court admitted evidence showing that the house described in the lease was to be furnished. The evidence admitted was competent to show that by mutual mistake of the parties the contract executed did not, in fact, express the actual agreement of the parties, the word "furnished" having been omitted from the contract. It was not intended to vary, contradict or change the terms of the written contract, and, in fact, did not do so. The contract was silent on the point. There is no controversy between the parties concerning the omission, both agreeing the actual contract made between them was for a furnished house, and the writing therefore did not set out the entire contract. Where an oral contract is partially reduced to writing, and the writing evidencing it is not complete, parol evidence, not inconsistent with the contract, is admissible to show the full agreement. Rawlings v. Ufer, 61 Okla. 299, 161 P. 183; National Builders' Bureau v. Chickasaw Lumber Co., 130 Okla. 30, 264 P. 907. In Holmes v. Evans, 29 Okla. 373, 118 P. 144, in the opinion by Judge Williams, the first syllabus reads:

"While a written contract cannot be contradicted by parol evidence, it is permissible, where the writing does not purport to set out the entire contract, to show by parol other stipulations, not inconsistent with those expressed. * * *"

In Wichita Flour Mills Co. v. Guymon Equity Exchange, 150 Okla. 245, 1 P. (2d) 657, 660, the court said:

"When the writing does not purport to disclose the complete contract, or if, when read in the light of attendant facts and circumstances, it is apparent that it contains only a part of the agreement entered into by the parties, parol evidence is admissible to show what the rest of the agreement was; but such parol evidence must not be inconsistent with or repugnant to the intention of the parties as shown by the written instrument."

Parol evidence is admissible to show that the purported contract was not in fact the contract made and entered into by the parties, the object of such testimony being, not to vary the terms of the written contract, but to show that by mistake or fraud a different instrument was made and executed. American Trust Co. v. Chitty, 36 Okla. 479, 129 P. 51, 54. The admission of such evidence was also competent for the purpose of showing a partial or total failure of consideration. 10 R. C. L. 1059; Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765. An examination of the contract discloses that it is silent on the question of whether the house rented was to be furnished or unfurnished, and therefore the admission of such evidence did not change its terms. Stone v. Spencer, 79 Okla. 85, 191 P. 197, 200. The defendant pleaded this omission in the contract, as well as a breach of the contract on the part of the plaintiff in removing the

furniture from the premises almost immediately after the execution of this contract. There was no error in the admission of such testimony.

2. Plaintiff asserts that costs should not have been assessed against him because he recovered a judgment for $15.57, relying on section 519, O. S. 1931, which provides that costs shall be allowed, of course, to the plaintiff upon a judgment in his favor in actions for the recovery of money or of specific real or personal property, and, also, upon section 989, O. S. 1931, providing that if a defendant before trial offers in writing to allow judgment to be taken against him for a specified sum and such offer is refused, plaintiff shall be taxed all costs thereafter incurred if he fails to recover a sum equal to the offer, contending no offer in accordance with the latter statute was made in either the justice or district court, but admitting defendant made an offer to pay $15.57 during the trial in the district court.

Section 519, O. S. 1931, came to us from Kansas. It is followed by section 520, O. S. 1931, which likewise came from Kansas, and reads as follows:

"Costs shall be allowed, of course, to any defendant, upon a judgment in his favor in the actions mentioned in the last section."

The question naturally arises as to who prevailed in the suit. The plaintiff contended he was entitled to $80, the full amount called for by the lease contract. In the opening statement of counsel for defendant, outlining the defense, it was stated a tender of $15.57 was made to plaintiff before suit, in full of all demands, $10 being for rent for the short time defendant occupied premises and the balance for chickens purchased, and this was returned by the plaintiff; that on account of the fault of plaintiff in breaching the contract by carrying away the furnishings, the consideration of the contract failed, and defendant was not bound to pay the $80 provided therein. At the close of plaintiff's case, the record shows:

"By Mr. Cress: I want to demur to the evidence on the ground and for the reason that it hasn't proved facts sufficient to entitle him to recover in the case. By the Court: He is entitled to $15.57. By Mr. Cress: We have tendered that and still make the tender at this time. We tendered $15.57 before suit and still tender it."

No objection was made by plaintiff during the trial as to the form or sufficiency of the tender.

Sections 589 and 590 of the Kansas Code (1886), which are the same as sections 519 and 520, O. S. 1931, were before the Kansas court in Meskimen v. Day, 35 Kan. 46, 10 P. 14. In that case plaintiff brought suit to recover 26 acres of land, but recovered only two. The court held that plaintiff was entitled to costs under section 589 (sec. 519, O. S. 1931), but held had defendant disclaimed as to all the land except 24 acres, of course, he would have been entitled to recover costs under section 590 (sec. 520, O. S. 1931). In the case at bar defendant contended she was liable but for $15.57 and no more. We think the reasoning of the Kansas case fairly applicable here, and the court was not clearly in error in awarding defendant her costs. (See Black v. Parisho, 152 Okla. 70, 3 P. [2d] 673.)

3. It is contended that the court erred in refusing to find judgment in favor of the plaintiff and against the defendant for the sum of $80 and all costs. This is not well taken. While there was conflict in the evidence, defendant introduced sufficient evidence to sustain a finding that the contract was executed about ten o'clock at night, and that plaintiff, early the next morning and before defendant arose, hauled away a major portion of the furnishings of the leased premises, and by reason thereof the consideration of the contract failed as to her and she might rightfully regard her obligations thereunder terminated. Where a case is tried to the court without the intervention of a jury, the findings of the court will not be disturbed upon appeal if there is any evidence reasonably tending to support its judgment. We are satisfied that the record contains ample evidence to support the court's judgment.

Other issues raised are covered by the foregoing.

The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Frank D. McSherry, Guy L. Andrews, and Clark Nichols in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McSherry, and approved by Mr. Andrews and Mr. Nichols, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.