## BURGESS v. OKLAHOMA GAS UTILITIES CO.

No. 23740.    March 5, 1935.

Rehearing Denied March 26, 1935.

D. M. Cavaness, for plaintiff in error.

Bond, Hatcher & Bond, for defendant in error.

PER CURIAM. This cause was begun in the district court of Grady county by the plaintiff, C. S. Burgess, against the defendant, Oklahoma Gas Utilities Company, a corporation, and inasmuch as the plaintiff has appealed and is the plaintiff in error here, the parties will be referred to herein as they appeared in the court blow.

Plaintiff alleges that he was the owner of 200 acres of land in Grady county, and that on December 9, 1927, he executed a written instrument in favor of defendant, whereby he leased said land to defendant for a term of 5 years from said date for oil and gas mining purposes, and that he received for said lease the sum of $5,000; that at the same time a written contract was entered into between plaintiff and defendant which provided that the defendant was to commence operations for drilling a well either on said acreage or offset thereto on or before two years and two months

from the date of said lease, in default of which it was to forfeit to plaintiff an additional sum of $5,000. Upon objection being raised against said lease of December 9, 1927, a new lease was executed by plaintiff on December 31, 1927, but no new written contract was entered into as of that date. Thereafter, and some time about the 20th to 24th of February, 1930, the defendant commenced operations for the drilling of a well on said tract of land by moving in materials, building roads, and digging a slush pit. It appears that these operations continued until the derrick was completed on this property about March 3, 1930; that nothing more was done because they were waiting for cement to set, and that on March 24, 1930, plaintiff filed a suit to collect the penalty of $5,000 called for in the contract of December 9, 1927, which cause was dismissed by the plaintiff on October 27, 1930, and the present cause was filed on the same day.

The plaintiff earnestly contends that he is entitled to recover, and as we view the record, bases his right to recover on two grounds: First, because such drilling operations were not commenced within two years and two months after December 9, 1927; and second, if such operations need not have been begun until within two years and two months from date of execution of the second lease, to wit, December 31, 1927, that such operations were not continued with due diligence, and that in either event he is entitled to recover.

Defendant contends that it is entitled to prevail because it commenced such operations within two years and two months from the date of such second lease, and was conducting same with due diligence at the time it was sued by plaintiff herein, upon which happening it suspended operations, and that, had it not been for the filing of this case, it would have gone ahead and drilled said well. Defendant also contends that the parties orally agreed, as of the date of said second lease, that defendant was to have two years two months from the date of said second lease to commence such drilling operations, and that such oral agreement was executed.

The first issue to be determined, in our judgment, is whether the contract of December 9th applies as it was then written and signed, or whether same was altered or amended by the signing of the new lease on December 31st and the entering into and executing said alleged oral contract, and

in conformity with the views to be hereinafter expressed, this issue is largely determinative of the cause. It is not contended that the written contract of December 9th was ever altered by any instrument in writing, and defendant contends only that such contract was altered by virtue of an executed oral contract.

The verdict of the jury and the judgment of the court, we think, under the rulings of this court, are conclusive upon us to the effect that an oral contract was entered into at the time of the execution of the second lease, providing that defendant was to have two years and two months from said date in which to begin operations, and that said oral agreement was executed. It remains, therefore, only to determine whether any error occurred below in the application of the legal principles involved.

The law in this jurisdiction on this point has long been settled by legislative enactment. See section 9502, O. S. 1931 (being sec. 5081, C. O. S. 1921), which reads as follows:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

In construing this statutory provision this court, in the case of Wichita Flour Mills Co. v. Guymon Equity Exchange, 150 Okla. 245, 1 P. (2d) 657, in the second paragraph of the syllabus, said:

"Section 5081, Comp. Stat. 1921, which provides: 'A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise', not only prevents the alteration of a written contract, as to some of its terms, by an unexecuted parol contract, but also prevents an alteration of the contract as to all of its terms, so as to amount to a substitution of a new contract for the written contract, unless such new contract is in writing, or is an executed oral contract."

We have gone over the testimony in this case very carefully, and while the evidence of the creation of a new oral contract to supersede the terms of the former written contract is not clear and positive; still we are unable to say that it is not sufficient, particularly in view of the fact that the written contract refers specifically to the lease executed the same day, which lease was not used, but was destroyed and the new lease of December 31st used in its stead. The only item in which the written contract of December 9th was altered was to extend the date for the contract to be-

gin to run to December 31st, and in all other particulars, it remained in full force and effect. Being of the opinion, then, that the oral agreement of the parties amended their written contract, and there being no question but what, as so amended, work was commenced within the time limit to avoid the penalty, the only remaining question in the case is as to whether such operations must have continued. On this issue, we can only refer to the contract, which, on this point, reads as follows:

"If said drilling operations are commenced, or caused to be commenced, as hereabove stated, then said party of the first part has fully complied with the terms of this contract; however, in the event of failure of said party of the first part to commence operations for drilling or cause to be drilled, as hereabove stipulated, within the above specified date, he shall pay to the party of the second part the sum of five thousand ($5,000.00) dollars bonus, which shall be in addition to the annual rentals stipulated in the lease."

It, therefore, appears that all of the arguments and authorities cited by the parties, with reference to the necessity of continuing the operations for the drilling of said well, have no application to the issues in this cause, as the defendant needed only to have "commenced" such operations within the specified time in order to avoid the penalty of the contract, and having clearly so "commenced" same, as hereinabove set out, the plaintiff cannot recover.

For the reasons stated, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. E. Dierker, Roscoe E. Arrington, and G. C. Abernathy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dierker and approved by Mr. Arrington and Mr. Abernathy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.