PFEIFFER v. PEPPERS REFINING CO.

No. 32429. Oct. 15, 1946.

*173 P. 2d 581.*

Merle G. Smith, of Guthrie, for plaintiff in error.

Russell M. McCabe, of Oklahoma City, for defendant in error.

WELCH, J. The plaintiff in error, Fred Pfeiffer, hereinafter referred to as plaintiff, instituted this action in the district court of Logan county to recover damages from the defendant, Peppers Refining Company, a corporation.

Plaintiff's petition alleged that he entered into a contract with defendant in the nature of a surface lease under which defendant erected a gasoline plant on the farm owned by plaintiff. That the contract provided upon the expiration or termination of the lease that defendant would give peaceable possession of the premises in as good condition as when received, usual wear and tear and action of the elements excepted. Plaintiff further alleged that upon abandonment of the lease the defendant removed all the structures of value, but left on said property a part of a concrete foundation to a building that had been erected thereon by defendant, and left a large open cellar with high concrete walls and certain guy wires protruding from the ground embedded in concrete, and left on said property glass, scrap metal, and rubbish. That defendant, upon demand by the plaintiff, failed to remove such property so that the premises would be in as good a condition as when received. That the property was left in a hazardous condition. That it would cost the sum of $2,000 to remove such hazard and to place said property in as good a condition as when it was received by the defendant, and that plaintiff has thereby been damaged in such amount, and plaintiff prayed judgment accordingly.

Defendant's answer admitted the

correctness of the contract described in plaintiff's petition and denied that any glass, scrap metal, or rubbish were left upon the premises when the premises were abandoned. Defendant asserted that the plant foundation was left upon the premises at the express request of plaintiff; that the premises were left in as good condition as when received, except as to the plant foundation left upon the premises at the request of plaintiff.

Plaintiff's reply generally denied the allegations in defendant's answer, and especially denied that plaintiff requested that the plant foundation be left upon the premises.

Upon the trial of the issues there was no evidence offered to support any element of damage for glass or rubbish claimed to have been left on the part of the farm covered by the lease. Both parties introduced evidence in support of the allegations in their pleadings with reference to the plant foundation. The verdict and judgment was for defendant. Plaintiff appeals.

All assignments of error are presented by plaintiff under two propositions, that:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." 15 O.S. 1941 §237.

"In causes which require jury trial, it is the duty of the trial court on its own motion to submit to the jury upon proper instructions the tenable theories of the litigant concerning the issues in the action, and a failure to discharge this duty is ground for a new trial even though no instruction is requested by the parties." Lacy v. Wozencraft, 188 Okla. 19, 105 P. 2d 781.

Under the above quotations plaintiff in his brief states:

" It is the position of the plaintiff that there was no alteration of the contract by a contract in writing, and also no executed oral agreement altering the written contract. And further, no new

consideration passed to plaintiff. The defendant had contracted in writing to remove the foundation and restore the premises."

Plaintiff states further: "The court should have instructed the jury on the law applicable to the particular issues involved in the case, and failure to do so constitutes prejudicial error."

The record does not support the contentions of plaintiff. The contract provided that defendant return the premises "in as good condition as when received." There was evidence from which a jury might believe that the premises were left in improved or better condition and more valuable than when received, and that the plant foundation was left at the request of plaintiff.

If it be said that there was a contractual obligation to remove the plant foundation, in the light of the evidence and the jury's finding thereon, it must be said that plaintiff requested that the particular plant foundation be left. It will be presumed that plaintiff in making the oral request contrary to his previous written agreement acted in what he considered to be his own best interest. If he considered it of more value to him to have the foundation left, although entitled to have it removed by the terms of the written contract, and made the oral request that it be left, and if defendant agreed and acted on the request and left the foundation, the transaction between the parties became completed.

When parties orally agree to an alteration of a written contract, and such contract, as amended, is carried out, this constitutes, as to such amended matters, an executed oral contract. Burgess v. Oklahoma Gas Utilities Co., 171 Okla. 294, 42 P. 2d 240.

The plaintiff complains about the instructions, but does not set forth any particular instruction that should have been given, nor make reference to any instruction that was given.

We quote the following language in

instruction No. 4 given by the trial court:

"You are instructed that under the terms of the contract between these parties, it was the duty of the defendant upon termination of the lease to give the plaintiff peaceable possession of the premises in as good a condition as when received, usual wear and tear and action of the elements excepted. If you find from a preponderance of the evidence that upon termination of the lease, the defendant failed to do this by reason of failure or neglect to remove plant foundation and guy wires and deadmen, as contended by the plaintiff, and that by reason thereof such premises were not in as good condition as when received, your verdict should be for the plaintiff, unless you find that they were left there at the specific request of the plaintiff, in which event, your verdict should be for the defendant."

We have examined the record and find that the instructions cover all the material issues formed by the pleadings of the parties and there is competent evidence to support the verdict.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.