**SEIDENBACH'S, a Corporation,**
**Plaintiff in Error,**

v.

**Mr. and Mrs. Marion W. LOVELESS,**
**Defendants in Error.**

**No. 38234.**

Supreme Court of Oklahoma.
April 21, 1959.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Wheeler & Wheeler, John Wheeler, Jr., John M. Wheeler, Robert L. Wheeler, Tulsa, for defendants in error.

## PER CURIAM.

The record discloses that Mrs. Marion W. Loveless was attracted by a mink stole displayed for sale by Seidenbach's, a corporation. She asked the saleslady how she could lay it away long enough to enable her husband to approve the purchase thereof. She was advised that she should have it placed in lay-away, sign the option to purchase, and put up a deposit of $300, same to be refunded if her husband did not approve. This she did. The fol-lowing day she returned and informed the saleslady and the manager that her husband did not approve of the proposed purchase for the reason the price was too much, and requested that the $300 be refunded. This Seidenbach's refused to do.

Mr. and Mrs. Loveless brought this action against Seidenbach's for the recovery of the $300, alleging the deposit was made and the proposed purchase of the mink stole entered into, subject to the approval of Mr. Loveless; that he did not approve of such purchase; that upon request defendant refused to refund the money.

The defendant answered by way of general denial, and then plead the option to purchase contract executed by Mrs. Loveless, attaching a copy thereof.

By their reply plaintiffs generally denied the allegation of the answer and then, among other things, alleged that such option of purchase contract was not to become effective until approved by Mr. Loveless; that if he did not approve, the $300 was to be refunded.

The trial resulted in a jury verdict in the amount of $300 for the plaintiffs, upon which judgment was entered. Motion for new trial was overruled and defendant has duly perfected an appeal to this court.

It is contended by defendant that parol evidence is not admissible to show that a written instrument was delivered conditionally. Citing 15 O.S.1951 § 237; Colonial Jewelry Co. v. Bridges, 43 Okl. 813, 144 P. 577.

However, this court is committed to the rule that even though parol evidence is not admissible to vary the terms of a written contract, parol evidence may be introduced to prove a separate parol agreement constituting a condition precedent to the taking effect of the written contract. Colonial Jewelry Co. v. Brown, 38 Okl. 44, 131 P. 1077; J. M. Hoard, Jr., Co. v. Grand Rapids Showcase Co., 74 Okl. 111, 173 P. 844; Yeager v. Jackson, 162 Okl. 207, 19 P.2d 970. Instruction No. 3 clearly presented the question to the

jury in regard thereto. It goes so far as to require the plaintiffs to prove such an agreement "by clear, cogent and convincing preponderance of the evidence." The jury decided such issue in favor of the plaintiffs. The evidence amply sustains the verdict.

Judgment affirmed.

The Court acknowledges the aid of the Supernumerary Judge, N. S. CORN, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.